### TRUMAN RAGSDALE V. THE STATE.

No. 16263. Delivered March 14, 1934.
Rehearing Denied May 2, 1934.
Second Rehearing Denied June 20, 1934.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for one year.

Ireland Hubert, Garland Futch, and appellant, accompanied by two young ladies, left Coleman about eight o'clock on the night of August 24, 1932, and drove to a dance in Talpa, which is in Coleman County. While they were driving in Coleman County there was some whisky in the car. It appears that the automobile had been furnished by Ireland Hubert, and that he drove the car to the dance, but that appellant drove it at some time on the trip. After the parties had gone to the dance they drove into Runnels County, where the car was wrecked and Garland Futch killed. The testimony of the State was to the effect that when witnesses went to the place of the wreck they detected the odor of whisky about the automobile, and that appellant was intoxicated. Witnesses for appellant testified that there was no odor of whisky about the car, and that appellant was not intoxicated.

Touching the trip from Coleman to the dance on the night of the 24th, appellant testified, on cross-examination, as follows: "As to when I saw this boy carrying a sack back,—that was about 8:30 on the 24th. They put that sack and whatever it contained in the car and drove toward Talpa. You say that before we got to Valera we stopped and took a drink of whisky out of a half-gallon fruit jar, but we did not, we drank out of a glass. I don't know if that whisky was poured out of a jar or not. It was in a glass when I first saw it. You say after that jar was placed in the car that we drove back toward Talpa stopping several times and drinking from this glass jar, but I did not drink from the jar. I drank twice but I drank from the glass. * * * You ask me if while we were at Talpa we returned to the car and got a drink from this same half-gallon fruit jar, but I don't know if that was the same whisky and the same jar or not. We did get a drink of whisky from a fruit jar out of that car once or twice during the dance. About midnight we all got into the car and drove back to Coleman and we took Miss Modena Pierce home and then the rest of us drove around town until morning."

On his re-direct examination appellant testified as follows: "I heard the district attorney ask me about bringing something in a sack and putting it in the car, but I did not have anything to do with bringing something in a sack and putting it in the car. Garland Futch did that. I did not insist on his doing that.. * * * I did not have anything to do with that or anything else that was in the car."

It appears that Talpa and Valera are in the county of Coleman.

Bills of exception 3 and 4 relate to the action of the court in permitting the district attorney to show State's witness Irma Thompson a statement she had theretofore made before the grand jury and ask her if she did not make certain statements when she appeared before the grand jury. The effect of the court's qualification to the bill is that when the witness had stated that she did not remember certain things her memory was refreshed by calling her attention to the statements she had made in the grand jury room. A witness has a right to refresh his memory from his testimony given before the grand jury. Branch's Annotated Penal Code, sec. 160; Spangler v. State, 55 S. W., 326; McLin v. State, 90 S. W., 1107. The court approves the bill with the qualification that the statment was not introduced in evidence. We think the bills fail to reflect error.

Bill of exception No. 2 relates to appellant's objection to testimony to the effect that the car in which appellant and his companions were riding was wrecked in Runnels County and one of the occupants, Garland Futch, killed. We are unable to reach the conclusion that this testimony was inadmissible. From the time the parties left Coleman County until the wreck they were on a continuous trip. The wreck occurred in Runnels County near the line betwen Coleman and Runnels Counties. Witnesses testified to going to the scene of the wreck and detecting the odor of whisky about the car. Moreover, they testified that appellant was intoxicated. At least some of the details of the wreck were properly admitted on the question as to whether appellant was guilty of transporting intoxicating liquor. If it was improper to receive testimony that Futch was killed, we are unable to perceive how its reception could have prejudiced appellant. He had filed no application for a suspended sentence. According to his own testimony, there was whisky in the car during the time it was being driven in Coleman County and he and the other occupants of the automobile drank some of the whisky. The court submitted the case on the theory of principals. Appellant's testimony supported the conclusion that he was a principal in the transportation of the liquor. He received the minimum penalty. Under all of the circumstances reflected by the record, if it should be held improper to have proved the death of Futch, we deem the error to have been harmless.

Appellant brings forward several bills of exception in which he complains of the refusal of the trial court to permit him to prove that he had been tried in Runnels County for driving an automobile while intoxicated (this being the occasion upon which the wreck was had) and acquitted. The court's qualification to one of the bills of exception in question reveals the fact that the witness Hensley testified, without objection on the part of the State, that appellant was acquitted in Ballinger on the charge to which reference has been made. In this condition of the record, the bills of exception fail to reflect reversible error.

We have not undertaken to discuss all of the bills of exception found in the record. However, after a careful examination of all of appellant's contentions, we entertain the view that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING

HAWKINS, JUDGE.—Appellant again insists that the court below committed error in receiving evidence of what occurred in Runnels County, and in not permitting appellant to prove that he had been acquitted in the latter county upon a charge of driving an automobile while he was intoxicated.

As stated in our original opinion there was evidence before the jury from both appellant and the witness Hensley that appellant had been acquitted upon the charge in Runnels County.

Appellant asserts that he was being tried in Coleman County for the same criminal act of which he had been acquitted in Runnels County, and therefore was entitled to make more extended proof of such acquittal. We cannot agree that it was the same criminal act. The offense of which appellant was acquitted in Runnels County was driving an automobile while he was intoxicated. The present offense was for transporting intoxicating liquor. A person might be guilty of transporting intoxicating liquor and never upon the occasion in question, nor in his whole life for that matter, have taken a drink.

We are still of opinion that evidence of the movements of the car in Runnels County was admissible, not that appellant could in this prosecution have been convicted for what occurred in that county, but upon the ground that such evidence may have thrown light on the question under investigation, viz:— whether intoxicating liquor had been transported in Coleman County, and appellant's connection therewith.

The record shows that appellant, two young men, and two young ladies, started out on a "party" on the night of August 24th. They were in a car which belonged to one of the other boys. They drove to Talpa and Valera, both of which places were in Coleman County, and attended a dance at Talpa. Whisky was secured sometime during the night and before they were at the dance, for the evidence shows that they visited the car during the dance and had drinks from the whisky which was in the car. Miss Pierce, one of the young ladies, was taken to her home about four o'clock in the morning. Between then and seven o'clock the four others, including appellant, drove about the town of Coleman. At seven o'clock they again went to the home of Miss Pierce, took her into the car and started towards Ballinger, upon which trip the automobile wreck occurred. We quote from Miss Pierce's testimony relating to the

movements of the parties on the night of August 24th, before she was taken home: "I went to a dance at Talpa that night (referring to the night of August 24th) with the parties whose names have been called * * * and got home about four o'clock the next morning. Ireland Hubert drove that car going to Talpa that night and Garland Futch drove that car part of the way back and Truman Ragsdale drove it home. * * * Truman Ragsdale was driving part of the way coming back. * * * I saw some whisky. It was in a fruit jar. That jar was down in the bottom of the car * * * it was on the Valera highway between Coleman and Valera. * * * As to whether we drunk two times between Talpa and Valera, well, they were small drinks * * * I saw them drinking between Valera and Talpa, but that was the night before and before the dance. I would say that they had all been drinking and in my opinion they were all pretty well lit, but when I said that I meant the night before (referring to the night of August 24th.) * * * I was traveling in Ireland Hubert's car that night. He drove that car part of the way and Truman Ragsdale drove it part of the time and Garland Futch drove it part of the time. They took me home about four o'clock in the morning and I remained there until about seven that morning. I do not know where they got this liquor. I had been in that car about an hour before I saw that whisky. They poured some of it out of the fruit jar into a glass but I did not see any bottle."

The foregoing testimony in connection with that of appellant himself which is set out in our original opinion leaves no doubt that the jury had ample testimony upon which to base the verdict. The State was not required to rest their case on what occurred up to seven o'clock on the morning of August 25th, but if the whole case pointed to the transportation of whisky on that morning in Coleman County, and what transpired in Runnels County threw light upon what may have occurred in that regard in Coleman County, the transaction in Runnels County was admissible.

Believing no error occurred upon the trial which would demand a reversal, the motion for rehearing is overruled.

*Overruled.*

## ON SECOND MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Counsel for the appellant insists that the refusal of the court to exclude the testimony of witnesses touching the wreck of the car which was driven by the appellant in Runnels County brought the decision in direct conflict with the cases of Phillips v. State, 4 S. W. (2d) 1056,

and Coon v. State, 97 Texas Crim. Rep., 645. Each of the cases mentioned was reversed because there was a double conviction for a single criminal act.

An examination of the record in the present instance, as understood, makes evidence the fact that while in Coleman County and before reaching Runnels County, there was in the car in which the appellant was riding some whisky which was exhibited and drunk by the occupants of the car, including the appellant. The conviction of the appellant was for the offense of unlawfully transporting intoxicating liquor in Coleman County. The evidence, including that of the appellant, is conclusive that he was one of the parties who were engaged in the act complained of by the State and was in the attitude of a co-principal with his companions who were in the car. The verdict of the jury assessed against the appellant the lowest penalty permitted by law. Inasmuch as the testimony going to show that the appellant was a co-principal in the transportation of intoxicating liquor while in Coleman County and before he reached Runnels County, and the penalty assessed against him is the lowest authorized by law, the reception of the testimony with reference to the wreck in Runnels County, if inadmissible, could not justly be made the basis for a reversal of the judgment.

The motion for rehearing is overruled.

*Overruled.*