## WILLIAM A. ALBRECHT v. STATE.

No. A-9831. July 2, 1941.

(115 P. 2d 274.)

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and George M. Frittz, Co. Atty., of Guymon, for the State.

Grester H. LaMar, Jack Stuart Harris, and L. E. Tryon, all of Guymon, for defendant.

BAREFOOT, P. J. Defendant, William A. Albrecht, was charged in Texas county with the crime of driving a motor vehicle upon the public highway while under the influence of intoxicating liquor, was tried, convicted and sentenced by the court to serve a term of one year in the penitentiary at Granite, and has appealed.

The only error to be seriously considered is that the judgment and sentence imposed against the defendant is excessive. The defendant was tried before a jury and was found guilty and his punishment was left to the court, who assessed the punishment at one year in the penitentiary at Granite. The verdict of the jury has the notation, "We, the jury, recommend mercy." This notation was not binding on the court, as we have heretofore decided in the following cases: Estes v. State, 35 Okla. Cr. 335, 250 P. 809; Presnell v. State, 71 Okla. Cr. 162, 109 P. 2d 834; Severn v. State, 72 Okla. Cr. 141, 114 P. 2d 181. But it should in no way prejudice the rights of the defendant.

The facts, as revealed by the record, were that two officers of the state highway patrol, with headquarters at Woodward, were in Guymon, Texas county, on the evening of September 5, 1939. They were performing their duties, and one of the officers went to the hotel and retired about 10 o'clock p. m. The other patrolman, Mr. Green, went to the "Wheat Belt Cafe" to get a cup of coffee and talk with parties working there with whom he was acquainted. While sitting at the counter defendant came into the cafe and occupied a seat close to the patrolman and engaged him in conversation. The defendant, according to the evidence of the officer and others who were in the cafe at the time, was under the influence of intoxicating liquor and drank three bottles of beer while there. About 11 o'clock p. m. he stated that he was going home, and the patrolman told him not to drive his car home, this for the reason that he was under the influence of intoxicating liquor. Defendant left the cafe and was followed by the patrolman, who entered a car with another party and drove down to a filling station. Defendant went across the street to where his car was parked and backed it out and started home. He turned the corner near where he was parked when he was stopped by the patrolman, and he drove his car up to the curb. He was placed under arrest and was later placed in jail by the sheriff of Texas county, who was called and who testified the defendant was under the influence of intoxicating liquor at the time. Defendant was tried, convicted and sentenced, as above stated, to one year in the penitentiary at Granite.

Since this case was tried, the Legislature of this state has passed a law making the first offense for drunken driving a misdemeanor. 47 Okla. St. Ann. § 93. Drew v. State, 71 Okla. Cr. 415, 112 P. 2d 429.

The evidence in this case reveals that there was no accident of any kind, nor was defendant driving at an excessive rate of speed. The defendant simply failed to heed the advice of the patrolman not to drive his car home because of his condition. The conduct of the patrol officer was courteous in every way. He performed his duty under the law as an officer should.

We are clearly of the opinion the judgment and sentence in this case is excessive under the facts, and while this court is slow to modify a judgment and sentence that has been pronounced by the court, under the facts in this case it becomes our duty to do so. Frantz v. State, 70 Okla. Cr. 214, 105 P. 2d 561. We are of the opinion that the judgment and sentence should be modified from one year in the penitentiary at Granite to a fine of $50 and costs, and it is so ordered.

JONES, J., concurs. DOYLE, J., absent.