# WILEY KING v. STATE.

No. A-9904.   Jan. 28, 1942.

(121 P. 2d 1021.)

E. W. Snoddy and L. Z. Lasley, both of Alva, for defendant.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and H. L. Gasaway, Co. Atty., of Fairview, for the State.

BAREFOOT, P. J.   Defendant, Wiley King, was charged in the district court of Major county with the crime of unlawful transportation of intoxicating liquor and with previously having been convicted of the crime of unlawful transportation of intoxicating liquor, was

tried, convicted and sentenced to pay a fine of $50 and serve one year in the penitentiary.

Defendant's contention for reversal of this case is that the court erred in failing to sustain his plea of former jeopardy. This plea is based upon the fact that defendant was charged in Major county with the crime of driving a motor vehicle on August 6, 1939, upon the streets of the city of Fairview, while under the influence of intoxicating liquor, this case being No. 338 in the district court and No. A—9905 in this court, 73 Okla. Cr. 404, 121 P. 2d 1017, and that growing out of this same offense he was charged with the crime of unlawful transportation of intoxicating liquor and as a second offender, the same being case No. 339 in the district court of Major county and No. A-9904 in this court.

The facts are recited to some extent in Wiley King v. State, this date decided by this court. It therefore becomes unnecessary to give a detailed statement of the facts in this opinion. In support of his contention defendant relies upon the following cases: Estep v. State, 11 Okla. Cr. 103, 143 P. 64; Fulkerson v. State, 17 Okla. Cr. 103, 189 P. 1092; Hourigan v. State, 38 Okla. Cr. 11, 258 P. 1057; Jackson v. State, 11 Okla. Cr. 523, 148 P. 1058.

We have carefully examined these cases and find that the facts in each of them are different from the facts in the instant case. If in this case a charge had been filed against the defendant for unlawful possession of the six pints of intoxicating liquor and this charge filed against him of unlawfully conveying the same six pints of liquor, then it would be such a charge as the jeopardy statute would apply and the cases above cited would be in point; but here there was a charge of driving a motor vehicle while under the influence of intoxicating liquor

and with a second or different crime of unlawful transportation of intoxicating liquor as a second offender. It was only necessary in that case for the state to show that the defendant was under the influence of intoxicating liquor while he was driving the car. It could have had no connection in any way with the liquor that was being unlawfully transported in the car at the time. The test in this matter seems to be that when the same facts constitute two or more offenses wherein the lesser offense is not necessarily involved in the greater and when the facts necessary to convict on a separate prosecution would not necessarily have convicted on the first, then the first prosecution will not be a bar to the second, although the offenses were both committed at the same time and by the same act, the test being whether there were two different crimes committed. This distinction is fully indicated and demonstrated in the following cases: Hall v. Commonwealth, 143 Va. 554, 130 S. E. 416, 417; Ragsdale v. State, 126 Tex. Cr. 538, 72 S. W. 2d 257; Fulkerson v. State, 17 Okla. Cr. 103, 189 P. 1092; Harris v. State, 17 Okla. Cr. 69, 175 P. 627; Storm v. Territory, 12 Ariz. 26, 94 P. 1099; Collins v. State, 70 Okla. Cr. 340, 106 P. 2d 273; Orcutt v. State, 52 Okla. Cr. 217, 3 P. 2d 912; State v. Barton, 5 Wash. 2d 234, 105 P. 2d 63; Matthews v. Swope, 9 Cir., 111 F. 2d 697; People v. Trantham, 24 Cal. App. 2d 177, 74 P. 2d 851; Reed v. State, 136 Tex. Cr. R. 607, 127 S. W. 2d 453; Lewis v. Hudspeth, 10 Cir., 103 F. 2d 23; State v. Sisneros, 42 N. M. 500, 82 P. 2d 274; Usary v. State, 172 Tenn. 305, 112 S. W. 2d 7, 114 A. L. R. 1401; 22 Corpus Juris Secundum, Criminal Law, § 279, p. 418.

In the case of Collins v. State, 70 Okla. Cr. 340, 106 P. 2d 273, 277, it is said:

414

"Under the constitutional guaranty not to be twice put in jeopardy, the decisive test on a plea of former jeopardy is whether the same testimony will support both charges. Otherwise stated, the offenses are the same whenever evidence adequate to one information will equally sustain the other."

In the case of Hall v. Commonwealth, supra [143 Va. 554, 130 S. E. 419], it was held:

"The driving of an automobile while intoxicated was a separate offense from that of transporting ardent spirits, and proof of a conviction of the former would not bar a prosecution for the latter."

In the case of Ragsdale v. State, supra [126 Tex. Cr. 538, 72 S. W. 2d 259], it is said:

"The offense of which appellant was acquitted in Runnels county was driving an automobile while he was intoxicated. The present offense was for transporting intoxicating liquor. A person might be guilty of transporting intoxicating liquor and never upon the occasion in question, nor in his whole life for that matter, have taken a drink."

The two offenses in the Ragsdale Case were (1) for driving an automobile while intoxicated, and (2) for transporting intoxicating liquor. They both grew out of the same transaction, and the facts are identical with the facts in the instant case.

The case of Usary v. State, supra, [172 Tenn. 305, 112 S. W. 2d 10, 114 A. L. R. 1401], after reviewing the facts, quotes the following conclusions as arrived at by the Supreme Court of Tennessee, where it is said:

"In the recent case of Dowdy v. State, 158 Tenn. 364, 13 S. W. 2d 794, while the question for decision was not the same now before us, in the course of his opinion Mr. Justice Cook thus clearly restates 'general rules deducible from principle and authority,' which have direct application, in principle, to the instant case:

" '(1)  Where two or more offenses of the same nature are by statute carved out of the same transaction, and are properly the subject of a single investigation, an acquittal or conviction for one of the several offenses bars subsequent prosecution for the others.

" '(2)  When the facts constitute but one offense, though it may be susceptible of division into parts, as for stealing several articles from the same person at the same time, conviction for stealing one of the articles will bar subsequent prosecution for stealing the others.

" (3)  When the facts constitute two or more offenses, wherein the lesser offense is necessarily involved in the greater—as an assault is involved in an assault and battery, as an assault and battery is involved in an assault and battery with intent to commit felony, and as a larceny is involved in a robbery—and when the facts necessary to convict on a second prosecution would necessarily have convicted on the first, then the first prosecution to a final judgment will be a bar to the second.

" '(4)  But when the same facts constitute two or more offenses, wherein the lesser offense is not necessarily involved in the greater, and when the facts necessary to convict on a second prosecution would not necessarily have convicted on the first, then the first prosecution will not be a bar to the second, although the offenses were both committed at the same time and by the same act.' "

The facts in the instant case would come clearly within the terms of paragraph 4. We think this is a logical conclusion.

In the instant case defendant was sentenced to pay a fine of $50 and serve one year in the penitentiary. As said in the case of Wiley King v. State, No. A-9905, involving this same defendant and this day decided by this court, 73 Okla. Cr. 404, 121 P. 2d 1017, he was also fined $500 and costs in that case and the judgment and sentence was modified to the payment of a fine of $100 and costs.

No person was injured nor was there any wreck or property damage. The Legislature of the state has since amended the statute under which this charge was brought to make the first offense that of a misdemeanor and the second that of a felony.

We are of the opinion that justice would be best subserved by modifying the judgment and sentence in this case to a fine of $50 and six months in the penitentiary, and as so modified, the judgment and sentence of Major county is affirmed.

JONES and DOYLE, JJ., concur.