## THOMAS A. G. RUSSELL v. STATE.

No. A-10125. March 24, 1943.
(135 P. 2d 1003.)

Harold McArthur, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jesse L. Pullen, Asst. Atty. Gen., and M. S. Simms and G. C. McDonald, Asst.

County Attys., Tulsa County, both of Tulsa, for defendant in error.

BAREFOOT, J. Defendant, Thomas Aben Godfrey Russell, was charged in the district court of Tulsa county with the crime of driving a motor vehicle while under the influence of intoxicating liquor, was tried, convicted and sentenced to pay a fine of $100 and to serve 90 days in the State Penitentiary, and has appealed.

The first assignment of error is that the evidence of the state is insufficient to sustain the conviction and that the court erred in refusing to sustain a demurrer thereto.

The record discloses that on the night of November 2, 1940, defendant was driving his automobile on U. S. Highway No. 64, at a point one and a half miles from its junction with Highway No. 51, in Tulsa county, Okla. He was accompanied by Felix Morrison, an Indian. The car was driven into an abutment of a bridge at the point above designated. The car was demolished, and one of the occupants received severe injuries. No witnesses were present at the time of the accident, but a truck with two men, and an automobile containing three, arrived immediately thereafter. Two of these parties were witnesses for the state.

H. L. Brown and A. E. Finley both testified that when they arrived at the scene, the car had been wrecked; that defendant was standing by the side of the car, and that he was intoxicated or drunk; that a pint bottle of whisky about one-fourth full was found in the car. One of the witnesses testified that he smelled liquor on the defendant's breath, and the other one testified that defendant staggered when he walked. Both testified that his general appearance and actions indicated that he was drunk or under the influence of liquor, and that the other

occupant of the car, Felix Morrison, was pinned in the car on the side opposite the driver's seat, and they had to tear away a part of the car before they could release him. Later an ambulance took the defendant and the injured party away, and two officers of the highway patrol came to investigate the accident.

Leonard Fox, highway patrolman, testified to the finding of a bottle of whisky, and of going to the hospital and getting defendant and placing him in jail. This was an hour and a half after the collision. He testified that defendant was still under the influence of liquor, that he could smell it on his breath, and that defendant told him that he was the owner of the car and was driving the same at the time of the accident.

Defendant was the only witness in his own behalf. He denied that he was driving the car at the time of the accident, but testified that Felix Morrison was driving. With reference to his own condition, and the condition of Morrison, he testified on direct examination:

"Q. Well, what was your condition when you left the home of Felix Morrison, in reference to being drunk or sober, at that time? A. Whose condition, Felix's? Q. Yes. A. He didn't seem to be very drunk. Q. Were you drunk? A. No, sir; I was not drunk, but I could feel it. I was feeling pretty high, all right. Q. Feeling pretty hot? A. I say, I was feeling pretty high."

On cross-examination:

"Q. Now, Felix Morrison was pretty drunk, when you left his house with him? A. Yes, sir."

Defendant did not deny that he had told Officer Fox that he was driving the car at the time of the collision, but said he did not remember telling him.

From the above statement, it will readily be observed that there is very little conflict, if any, as to the defend-

ant being under the influence of intoxicating liquor at the time of the collision.

There was a conflict as to his driving the car, and this was a question for the jury to decide. Not only his admission to the officer that he was driving but all the surrounding circumstances justified the jury in believing that he was. He was standing on the outside of the car on the driver's side, with the door open. Felix Morrison was pinned in the car, where he could not move, and was opposite the driver's seat. By the testimony of defendant, Morrison was in no condition to drive. Defendant was the owner of the car, and by his own testimony had been driving all the time up to just a short while before the collision. The court instructed the jury upon circumstantial evidence, and the jury had the right to consider these circumstances in arriving at its verdict. This verdict will not be set aside on appeal where there is conflict in the evidence.

Defendant's second assignment of error is that the court erred in the admission of incompetent and irrelevant testimony.

This contention is based upon certain questions asked defendant on cross-examination, as follows:

"Q. Did you tell him something about California? A. Maybe so, I think I did. Q. What was it you told him about California? A. I think he asked me—I think I told him I had been arrested in California. Q. For driving while drunk—is that right? A. Yes, sir; that is what I got arrested for—that is what they said. Q. How long ago was that? A. How long ago? Q. Yes. A. It has been better than two years."

The rule announced by this court is that one may not be asked if he has been arrested, but on cross-examination one may be asked if he has ever been convicted.

This for the purpose of affecting his credibility. The record in this case reveals that defendant volunteered to make the statement of his arrest in California. He was not asked if he had been arrested, but only if he did not have a conversation with the officer in reference to California, and he voluntarily made the statement about his arrest. In addition to this, on redirect examination he was asked about this matter by his own counsel when this question was asked:

"Q. You had been arrested, you say, for driving while drunk? A. That is what they put against me. Q. That is what they put against you—in California? A. Yes, sir. They carried me to a doctor to find out whether I was drinking or not."

In the case of Starks v. State, 67 Okla. Cr. 156, 93 P. 2d 50, 54, this court said:

"The question therefore arises, Was the testimony complained of, in the light of all the evidence in the case, prejudicial to the substantial rights of the defendant? Otherwise stated, Did the admission of this testimony deprive the defendant of a fair and impartial trial? The question can be properly determined by a consideration of all the evidence in the case. This we have done, and our conclusion is, in the light of all the testimony in this case, the testimony objected to, although improper as being hearsay, was not prejudicial to the defendant.

"We are also of the opinion that the objection to the testimony in question was waived by the defendant when he afterwards introduced the same evidence himself. It is well settled that if a party objects to the introduction of evidence, which is admitted, and afterwards introduces the same evidence himself, it is not ground for reversing the judgment, although the evidence objected to was incompetent."

While we have held that the admission of this evidence was incompetent, taking into consideration the rec-

ord as a whole, and the questions asked defendant on redirect examination, we do not think it justifies a reversal of this case, but we consider the same in connection with the third assignment of error, which is that the judgment and sentence rendered in this case is excessive.

The statute under which defendant was charged is 10324, Okla. Stat. 1931, Okla. Stat. Ann. (1941) Title 47, sec. 93:

"It shall be unlawful for any person who is under the influence of intoxicating liquor, or who is a habitual user of narcotic drugs, and the having on or about one's person or in said vehicle of said intoxicating liquor is prima facie evidence of a violation of this Act, to operate or drive a motor vehicle on any highway within this State, as defined in Section 1, of this Act, and any person violating the provisions of this section shall be deemed guilty of a felony and shall be punished by imprisonment in the penitentiary not more than one year, or by fine of not more than Two Thousand ($2,000.00) Dollars, or by both imprisonment and fine."

It will be observed that the above statute provides that the driving of a motor vehicle while under the influence of intoxicating liquor is a felony, and provides punishment by imprisonment in the penitentiary for not more than one year, or a fine of not more than $2,000, or by both such imprisonment and fine. It does not provide for a jail sentence.

Since this charge was made, on November 2, 1940, the Legislature of this state has amended the above section by providing that the first offense shall be a misdemeanor and the second offense shall be a felony. S. L. 1941, p. 199. The amended statute provides for punishment by imprisonment in the county jail for a period not exceeding one year, or by a fine of not more than $500, or by both such imprisonment and fine, for the first of-

204

fense; and for the second offense shall be imprisoned in the State Penitentiary for a period of not to exceed two years, or a fine of not more than $1,000, or by both such fine and imprisonment, the second offense being a felony. King v. State, 73 Okla. Cr. 404, 121 P. 2d 1017; King v. State, 73 Okla. Cr. 411, 121 P. 2d 1021; Albrecht v. State, 72 Okla. Cr. 270, 115 P. 2d 274; Pooler v. State, 70 Okla. Cr. 199, 104 P. 2d 733, 105 P. 2d 553; Odom v. State, 68 Okla. Cr. 117, 95 P. 2d 916.

Taking into consideration the fact that the county attorney was permitted to ask the defendant indirectly as to his having been arrested in the State of California, and his voluntary response thereto, we are of the opinion that the ends of justice would be best subserved by a reduction of the punishment assessed in this case from a fine of $100 and three months in the State Penitentiary to a fine of $100 and costs, and in the event said fine and costs are not paid that the term be served in the Tulsa county jail.

As above modified, the judgment and sentence of the district court of Tulsa county is affirmed.

JONES, P. J., concurs. DOYLE, J., absent.