## MIRRAL DEWEY SCOTT v. STATE.

No. A-10389.   May 2, 1945.
(158 P. 2d 728.)

Hughes & Hughes, of Hobart, and Ross Cox, of Hollis, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Mirral Dewey Scott, was charged in the county court of Kiowa county with the offense of driving an automobile on a public highway

while under the influence of intoxicating liquor; was tried, convicted, and sentenced to pay a fine of $250 and has appealed.

For a reversal of the judgment of conviction, two propositions are presented: (1) The evidence is insufficient to support the conviction. (2) The county attorney was guilty of misconduct in making prejudicial statements to the jury which deprived the defendant of a fair and impartial trial.

E. N. Haynes, a highway patrolman, testified that on September 1, 1942, he saw defendant on State Highway No. 9, east of Lonewolf; that defendant was driving his automobile about 20 miles an hour and was weaving back and forth across the road. That he was forced off of the road as defendant passed him. That he turned his car around, pursued defendant, stopped him, and placed him under arrest. That defendant was drunk. On the seat of defendant's car, he found a bottle of Hiram Walker whisky which had not been opened. In the glove compartment, he found a pint bottle of whisky about two-fifths full. That defendant staggered when he tried to walk and was thick-tongued when he talked.

Tom Overstreet, a constable, testified that he was in the jail at Hobart when the highway patrolman brought the defendant into the jail. That he saw the defendant and that he was so drunk that he could hardly stand alone. That his eyes, breath, talk, and every appearance showed that he was drunk.

John White, deputy sheriff, testified that he locked the defendant in jail when he was brought to the Kiowa county jail by the highway patrolman. When questioned by the county attorney as to defendant's condition, he stated:

"Well, I have seen men soberer than he was, and I have seen men drunker than he was. The man was drinking. He could handle himself all right."

The evidence on the part of the defendant was that the defendant, in company with a negro man, had taken a load of wool from defendant's farm northeast of Hollis, in Harmon county, to the city of Clinton. That after he had sold the wool, he purchased two pints of whisky intending to take them home with him. That he opened one of the pints of whisky and gave a drink to the wool buyer and took a drink himself. That he poured out part of the whisky in a pop bottle and gave to the negro. That as they proceeded home, he stopped his pick-up west of Hobart at a grocery store and bought a loaf of bread and some wienies. That he was driving down the road with a piece of the bread and a wienie in his left hand, which might have caused him to drive across the center line of the road. That one of his tires was in bad shape which caused his car to be hard to handle. That defendant was not under the influence of intoxicating liquor, but was scared, as it was the first time he had ever been arrested in his life or was ever in jail.

The groceryman where defendant purchased the bread and wienies testified that defendant came in his store and made the purchase, that he acted in a normal manner and did not appear to be drinking.

Other witnesses testified as to the good reputation of the defendant.

It is contended in defendant's brief that because Deputy Sheriff White testified as hereinabove quoted, that the same was in conflict with other evidence of the state and because of such conflict the judgment should be reversed.

Although the testimony of the witness White is not as strong as that of the other two state witnesses, it is not in conflict with their testimony. The most that can be said for the evidence in this case is that it presented an issue for determination of the jury, and the jury's finding under such circumstances will be sustained by this court.

As to the alleged improper statements made by the county attorney in his opening and closing arguments to the jury, there is no sufficient record that would justify this court in concluding that the statements as alleged in defendant's brief were made. The record does disclose that during the course of the opening argument of the prosecutor, counsel for defendant made an interruption and dictated into the record a statement which he alleged had been made to the jury by the prosecuting attorney. The prosecuting attorney replied that he did not make the statement as alleged by counsel for defendant. The trial court thereupon made the following statement:

"Gentlemen of the Jury: The court didn't just get the opening statement made by the county attorney, but if the county attorney made any statement to the effect that the outcome of the trial of this case would govern the outcome of other cases in this court, you will wholly disregard such statement and give it no consideration."

Subsequently and during the closing argument of the county attorney, the record discloses the following:

"By Counsel for Defendant: We object to the statement of the county attorney that Mr. Haynes, the patrolman, gave a warrant to one of the very men that testified here as to his character. By the Court: Proceed. Overruled. By Counsel for Defendant: We request that the court instruct the jury to disregard that statement. By the Court: Overruled. By Counsel for Defendant: Exception."

It would have been better when this issue was presented for the trial court to have made a specific finding as to whether the county attorney made the alleged objectionable remark. Counsel for the state contend that the action of the trial court in overruling the objection of counsel for defendant was a finding that the statement was not made by the prosecutor.

In the case of Roach v. State, 46 Okla. Cr. 85, 287 P. 1095, it is stated:

"Where the argument of the county attorney is not taken down in shorthand and embodied in the record in full, and a dispute arises as to what was said in argument, this court is bound by the finding of the trial court recited in the record as to what occurred."

In the Roach Case, however, a specific finding was made by the trial court in connection with the alleged objectionable remark. Here, there is no such specific finding, although the court did overrule the objection of the defendant. We shall consider this assignment of error in connection with the punishment which was assessed the defendant.

The record discloses that the defendant was a farmer who had a large number of livestock, consisting of cattle and sheep. He had a good reputation as an honest, law-abiding citizen. His neighbors testified that they had never heard of his being drunk.

It is undisputed that the defendant was eating on the loaf of bread and wienies which he had purchased, at the time he was stopped by the patrolman. There was no traffic on the road at the time of his arrest, except the highway patrolman. Under these circumstances, it would appear that the county attorney may have said or done something to cause the jury to assess the punish-

ment which they did. If the county attorney did make the statement that the patrolman had given a warrant to one of the men who testified to the good reputation of the defendant, it was wholly outside of the record and was likely to cause the jury to believe that defendant was only bringing over men to testify in his behalf who had had difficulties with officers of the law.

After consideration of this entire record, it is our conclusion that the punishment assessed the defendant is excessive and should be reduced to a fine of $100.

It is therefore ordered that the judgment and sentence of the county court of Kiowa county be reduced from a fine of $250 to a fine of $100, and the judgment and sentence as thus modified is affirmed.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.