## FRANK GRIFFIN v. STATE.

No. A-10713.    May 7, 1947.

(180 P. 2d 844.)

Lewis F. Oerke, of Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Ralph H. Cline, Co. Atty., of Lawton, for defendant in error.

BAREFOOT, P. J.    The defendant, Frank Griffin, was charged in the county court of Comanche county with the crime of operating a motor vehicle while under the influence of intoxicating liquor; was tried, convicted and

sentenced to pay a fine of $200 and to serve six months in the county jail, and has appealed.

Counsel for defendant states in his brief that the only error presented by this appeal is that the judgment and sentence is excessive, and the verdict of the jury was rendered by reason of passion and prejudice.

The statute under which defendant was charged is Tit. 47, O. S. 1941 § 93, as amended. By the terms of this statute, the first offense is a misdemeanor, and the punishment to be assessed is a fine of not to exceed $500, or confinement in the county jail for a period of not to exceed one year, or by both such fine and imprisonment.

The facts in the instant case were that the complaining witnesses, D. P. Broyles and Bill Freeland, were employees of the Nash Finch Company, in the city of Lawton. On July 11, 1945, they were using a truck belonging to the company for the purpose of going to the Indian Mission, about one and a quarter miles north of the city of Lawton and adjacent to the Fort Sill military reservation, to get an employee of the company and take him to work. They were traveling on U. S. Highway No. 277, going north, and when opposite the Mission, turned to the left across the highway to enter a side road. Both of the occupants of the truck testified that Broyles, the driver of the truck, held out his hand signaling the left turn. The defendant and two occupants of his car testified that no signal was made. Just as the turn was made and the back wheels of the truck were on the west side of the pavement, the truck was hit by a Pontiac automobile, driven by defendant. Defendant's wife and Mrs. Wiley Griffin were in the car with him. No damage was done to the truck, and very little to the defendant's car.

Evidently after the collision both cars stopped, and it is unnecessary to further state the facts, except as they apply to the issue here involved.

The driver of the truck went to the Indian Mission and notified the patrol officers of the accident. They could not come to the scene immediately, as they were in the south part of the county, and they notified the Military Police at Fort Sill and asked them to go to the scene and take charge. It is what happened thereafter that the defendant contends caused the prejudice against him, and that the state contends was the proper cause for the punishment inflicted.

The two military police officers, the two patrol officers, and the two occupants of the truck all testified that defendant was unruly and obstinate. That he cursed and swore and called one of the parties and one of the military police officers a damn liar. That he refused to permit his car to be moved by the police out of the way of the traffic until the Highway Patrol officers arrived, and refused to move it himself. The Highway Patrol officers testified that he attempted to interfere with them in their investigation. That when he was placed under arrest, he continued to annoy them. Defendant, who was a negro, made several statements with reference to race prejudice. One of the Military Police testified that he said: "No white son-of-a-bitch is going to tell me to move my car"; and also stated that "he would be glad when the Japs won this war so that the colored people would have equal rights as the whites"; and that he stated: "I am just a colored man and don't have a chance."

All four of the officers testified that defendant was under the influence of intoxicating liquor and several of them testified that he was drunk. Some of them testified

that at one time he staggered and fell into a ditch by the side of the road. Others testified that they could smell liquor on his breath.

From the above statement of the evidence, it cannot be doubted that it was sufficient under the law to sustain the conviction of the defendant. The only question is, Was it such as to have prejudiced the jury to that extent that the verdict could be said to have been rendered by reason of passion and prejudice? It cannot be denied that it is a heavy sentence, taking into consideration the undisputed evidence that no one was injured, and very little property damage resulted. Also, the fact that the truck was turning directly across the highway at the time of the collision, and that the evidence was contradictory as to whether the driver of the truck held out his hand and signaled a left turn. And the driver of the truck and his companion would not testify that defendant was drunk, but only that they observed a strong odor of whisky, and that defendant walked unsteadily and they saw him stumble and fall in the ditch by the side of the highway.

If the judgment is excessive, it is because of the testimony concerning the action of the defendant at and following the collision, and the statements he made to the occupants of the truck and the officers who were making the investigation and who made the arrest.

We have carefully considered all of these matters, and have reached the conclusion that justice demands that the judgment and sentence be modified to a fine of $100 and 90 days in the county jail.

As so modified, the judgment and sentence of the county court of Comanche county is affirmed.

JONES and BRETT, JJ., concur.