## SUKOVATY v. STATE.

No. A-11437.   Oct. 17, 1951.

(236 P. 2d 696.)

Edgar B. Maggi, Bristow, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, P. J.   Plaintiff in error, George Sukovaty, defendant below, was charged by information in the superior court of Creek county, Oklahoma, with

having committed the crime of driving an automobile upon public Highway No. 66 three miles west of Bristow, Oklahoma, while in a drunken condition contrary to law. The defendant was tried by a jury, convicted and his punishment fixed at 180 days in jail, and a fine of $300, and judgment and sentence entered accordingly.

The defendant contends the evidence is insufficient to sustain the verdict and that the punishment imposed is excessive. The evidence in support of the conviction is as follows. Highway Patrolman Earl C. Stewart testified in part as follows:

"A. Well, I am going down the long hill on 66 and I saw this truck coming up on the wrong side of the road. So, I immediately slowed down and he came up within a couple hundred of feet of me and pulled back over on his side of the road. As he passed he stooped down on the steering wheel. I knew there was something wrong with him, so I immediately turned around and followed him and caught him up in front of the Rainbow Inn and— Q. Is that up on the top of the hill? A. That's right; on top of the hill. And then I tried for about three hundred yards to get him off the road and never did. When he stopped, he stopped in the middle of the curve. I went back to the car and he was slumping on the steering wheel. I got him out of the car, and he had the odor of liquor on his breath. He couldn't walk too good. I helped him to the patrol car and told him to stay there. I went back and drove his car off the road and out of the traffic, and then I immediately brought him back to Bristow and placed him in jail. Q. Who was present when you brought him to Bristow and put him in jail? A. Chief of Police, and Andy Anderson were there. * * * Q. You say he was just drunk? A. Just drunk."

Highey Gay, city marshal of Bristow, saw the defendant at the jail in Bristow and testified the defendant was drunk, so drunk he couldly hardly walk.

Andy Anderson, constable, who was at the city jail in Bristow when the defendant was brought in, testified that the defendant was drunk, staggered when he walked and mumbled when he talked. The foregoing in substance constitutes the state's case.

The defendant offered his sister Clement Sukovaty who testified she saw her brother at 8:15 when he left home and that he was sober.

His brother John Sukovaty testified he saw the defendant around 8:00 a.m. and 10:00 a.m., testified that the defendant was sober at about 10:30 a.m., and further said the defendant came to his business establishment the Superior Feed Store to get his side boards for the truck to use on a trip to Davenport. He admitted he was busy in the store and did not take time to closely observe the defendant.

O. W. Harrison, a cab driver, testified the defendant was sober at 10:00 a.m., when he saw him. He observed the defendant he said in the parking lot behind the Superior Feed Store. The defendant went from there with him to the defendant's house to get some grain hauling sideboards and was with him for 10 or 15 minutes and later they returned together to the store. Harrison testified thereafter they went to the bank. It does not appear whether he was with him at the bank. Apparently they separated when they arrived at the bank. John Bishop, President of the Community State Bank, testified for the defendant. He said George Sukovaty was in the bank on June 21 to borrow some money. He said the defendant was sober when he was in the bank during the transaction. However, Mr. Bishop did not recall what time of day it was that the defendant was in the bank. He did not recall whether it was morning, noon or afternoon. He said it was just some time during the day.

George Sukovaty testified in his own behalf that he had not been drinking that day and was not under the influence of intoxicating liquor in any way. He

said on the occasion in question he was driving by himself and was on his way to his farm to do some harvesting. In substance the foregoing constitutes his evidence.

The evidence as a whole is highly conflicting but competent to support a finding either for or against the defendant. The defendant contends the evidence is insufficient to support the verdict of the jury. In this connection this court has repeatedly held, where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, Criminal Court of Appeals will not interfere with verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts. Butler v. State, 87 Okla. Cr. 369, 198 P. 2d 221. Such is the situation herein. The competent evidence presented a question of fact for the jury and they found the defendant guilty and we are bound by their finding under the law.

The defendant complains the verdict of the jury was based upon passion and prejudice. This contention is predicated on the proposition that Mr. Stewart, Highway Patrolman, testified that he pulled along side of the defendant and motioned him over to the side of the road, that the defendant did not respond until he turned on his siren. This testimony being given the defendant in the hearing of the jury said "You are a damn liar". It should be observed the defendant was uneducated and of foreign extraction. This was apparently his first brush with the law. The jury fixed defendant's punishment at 180 days in jail and a fine of $300.00. In view of the fact no property was destroyed and no one injured and this apparently being the defendant's first offense, we are of the opinion that the judgment and sentence is excessive. Moreover it appears the jury may have sought not only to penalize the defendant for his drunken driving but also for his contempt of court. Therefore, the judgment and sentence should be modified under the authority of Title 22, § 1066, O.S.A. 1941. This opinion is supported by Griffin v. State, 84 Okla. Cr. 207, 180 P. 2d 844. Therein the judgment and sentence was modified to $100 and 90 days in jail from a sentence of $200 and 6 months in jail. See, also, Bohot v. State, 89 Okla. Cr. 454, 210 P. 2d 379; Scott v. State, 80 Okla. Cr. 259, 158 P. 2d 728; Albrecht v. State, 72 Okla. Cr. 270, 115 P. 2d 274; Ashcraft v. State, 68 Okla. Cr. 308, 98 P. 2d 60; Odom v. State, 68 Okla. Cr. 117, 95 P. 2d 916; Bayouth v. State, 40 Okla. Cr. 160, 267 P. 687. In view of the facts hereinbefore recited, the foregoing cases, and in keeping with the ends of justice the judgment and sentence herein imposed is accordingly modified to 30 days in jail and a fine of $100, and as so modified is affirmed.

JONES and POWELL, JJ., concur.