## LOGAN v. STATE.

### No. A–11922.

Criminal Court of Appeals of Oklahoma.

April 14, 1954.

Joe N. Shidler, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error Reuben Logan, defendant below, was charged in the Municipal Criminal Court of the city of Tulsa, Tulsa county, Oklahoma, with the crime of operating a motor vehicle on the public highway in Tulsa county, Oklahoma, to wit, Archer and Boston Streets in said city and county, while he was under the influence of intoxicating liquor contrary to law, Title 47, § 93, O.S.1951. The offense was allegedly committed on May 7, 1952. The defendant was tried by a jury, found guilty, punishment fixed at a fine of $85, judgment and sentence entered accordingly from which judgment and sentence this appeal has been perfected.

The state's evidence showed that the defendant was driving his 1948 model Pontiac automobile at the intersection of Archer and Boston Streets in Tulsa, Oklahoma, in front of the Sand Springs Railway Station, and ran into a properly parked automobile in front of the station. Police Officer Charles Diven investigated the collision and the defendant admitted to him he was driving the Pontiac. He further testified the defendant's eyes were bloodshot; he had a strong odor of alcohol and that he staggered badly when he walked. The defendant told him he was driving the car but did not know what caused the collision. Another witness said it was driven by a man bearing the description of the defendant. Police Officer M. T. Hill advised the defendant of his constitutional right to refuse to take a breath test or what is commonly known as a drunkometer test, and that it could be used against him; and unless he

volunteered to submit to the test it could not be taken. The defendant took the test. It disclosed .169% alcoholic blood content. Officer Hill testified that .151% alcoholic blood content would make one an unsafe driver. The trial court permitted him to give a demonstration as to how the Harger breath machine operated and as to its wide use in the United States. The latter was done over the defendant's objection.

The defendant testified and denied being drunk, but admitted he had drunk about 1½ bottles of beer. Officer Hill testified in rebuttal to this testimony of the defendant that it would have taken 8 to 9 bottles to produce the alcoholic content evidenced in the defendant's breath by the Harger test. The defendant testified his gas feed stuck and raced his motor, and he could not get his car stopped, and he ran into the parked car. The record does not disclose why he did not release the clutch or apply the brakes. The defendant testified as to the Harger test they told him to blow into a balloon and that he did. He made no objection to taking the test.

■ This testimony presented a case for the jury, and they have decided the issue against the defendant. The evidence though conflicting is sufficient to support the jury's finding, and where such is the case, this court will not interfere for it is the exclusive province of the jury to find the facts. Pebworth v. State, 88 Okl.Cr. 97, 199 P.2d 621; Ryan v. State, Okl.Crim. 258 P.2d 1208.

■ The defendant filed an original and supplemental brief. In his original brief the defendant contends the prosecuting attorney and Officer Hill formed a combination to sell the jury on the fact the defendant was drunk rather than present the evidence in a fair and impartial manner. We are of the opinion that had they not done so both of them would have been derelict in their duty. It was however, not necessary that a demonstration of the Harger test be made. The results thereof have been held admissible. Toms v. State, Okl. Cr., 239 P.2d 812. Such evidence while no doubt interesting to the jury, was incompetent but harmless, Title 22, § 1068, O.S.1951.

Counsel contends it was obtained in violation of his constitutional rights but this record does not support that contention. There is nothing in the record to show the test was involuntarily given. No threats of violence, or promises direct or implied appear to have been made, or are asserted to have been made, or any improper influence used to obtain the Harger breath test so the test was not involuntarily obtained. The defendant made no objection to taking the test and makes no contention he did. Hence this record does not support the contention the test was involuntarily obtained. Williamson v. State, 64 Okl.Cr. 94, 77 P.2d 1193; Williams v. State, 65 Okl. Cr. 336, 86 P.2d 1015.

In his supplemental brief the defendant contends there is no other proof than the defendant's admission while he was on the witness stand, to show that he was driving the automobile. This contention is wholly without merit as the delineation of the facts hereinbefore set forth discloses.

■ He further contends in his supplemental brief that the record does not show that the offense occurred in the city of Tulsa. That contention is likewise without merit as the delineation of the facts hereinbefore set forth likewise discloses.

■ Finally, the defendant contends that the verdict is illegal because the jury endorsed thereon a recommendation for leniency. This objection comes too late. The record discloses that the defendant accepted the verdict without any objection or exception, or motion to have the jury instructed to further consider their verdict. Moreover, the proposition is not advanced in the motion for new trial or in his petition in error. It is fundamental that matters to be urged in the appellate court must be raised in the motion for new trial and asserted in the petition in error. It has been repeatedly held that only those assignments of error preserved in the motion for new trial will be considered on appeal to this court unless the error is of a fundamental character. Washington v. State, 73 Okl.Cr. 81, 118 P.2d 267. However, the mere endorsement of a recommendation for leniency on the verdict is not error, as

383

was said in Cole v. State, 70 Okl.Cr. 109, 104 P.2d 981:

"The inclusion in a verdict of recommendation that the punishment fixed, a fine, be remitted, is improper, though not prejudicial to defendant."

To the same effect is Presnell v. State, 71 Okl.Cr. 162, 109 P.2d 834. In the latter case the jury recommended a suspended sentence. The court held therein that this was a matter addressed to the sound judicial discretion of the trial judge. See also Albrecht v. State, 72 Okl.Cr. 270, 115 P. 2d 274, wherein it was held that a recommendation for mercy is not binding upon the court but it should in no way prejudice the rights of the defendant. The recommendation contained in the verdict herein in no way prejudiced the rights of this defendant. For all the above and foregoing reasons the judgment and sentence herein imposed is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.