Lonnie Franklin GARDNER,
Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant
in Error.

No. A-12067.

Criminal Court of Appeals of Oklahoma.

Dec. 8, 1954.

Justin Hinshaw, Norman, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error, Lonnie Franklin Gardner, defendant below, was charged by information in the county court of Cleveland county, Oklahoma, with having committed the offense of operating a motor vehicle on a public highway while under the influence of intoxicating liquor. He was tried by a jury, convicted and his punishment fixed at a $1 fine and costs; judgment and sentence was entered accordingly, from which this appeal has been perfected.

Briefly it appears that the defendant had been to Lexington, Oklahoma, on some business on the 6th day of June 1953, and was returning to Norman, Oklahoma, by way of U.S. Highway No. 77 in Cleveland county, Oklahoma. He was driving north about a mile north of Lexington and proceeded around some oil field trucks in a no-passing zone. The Highway Patrol car passed the defendant going south. The evidence disclosed that the Highway Patrol car was forced off the highway onto the shoulder. The Patrol car reversed his direction, overtook the defendant, ordered him out of the automobile and discovered that he was in a drunken condition. One of the Highway Patrolmen testified that he had a strong odor of intoxicants on his person and a thick tongue. The other Highway Patrolman testified that his speech was incoherent, and that he was unsteady on his feet and in no condition to drive an automobile.

The defendant contends the trial court erred in admitting evidence on the part of the state. Patrolman Smith was recalled to the witness stand to impeach the testimony of Tommy Greer who testified in behalf of the defendant. He contends that no predicate was laid by the county attorney for the examination of Tommy Greer for impeachment by the subsequent testimony of Officer O. B. Smith. There are two reasons why this objection is without merit. An examination of the record discloses that a proper predicate was laid for the examination of a witness for the purpose of im-

250

peachment. Furthermore the record discloses no objection was interposed to such testimony.

 The defendant next contends that the court erred in overruling the defendant's demurrer for the reason there is no evidence to sustain the conviction of the defendant. This contention is likewise wholly without merit in view of the fact that the evidence of the Highway Patrolmen made a prima facie case and the evidence when viewed in the most favorable light to the defendant created a strong conflict in the evidence. It has been repeatedly held that it is the sole and exclusive province of the jury to make findings of fact, and though the evidence in a criminal case is conflicting this court will not interfere with the jury's finding where the evidence reasonably tends to support the same. Logan v. State, Okl.Cr., 269 P.2d 380.

 The defendant contends that the fact that there is evidence in the record that the jury did not believe the testimony of the officers and were in extreme doubt of the guilt of the defendant for that reason they assessed only a penalty of $1 and costs in the case. We are of the opinion that if the jury had been in doubt as to the guilt of the defendant, under the law it would have resolved that doubt in favor of the defendant. We are further of the opinion that the reason the jury fixed the punishment at only $1 fine and costs was probably because of the fact that the defendant being a taxicab driver he would lose his license to operate his taxicab which no doubt the jury reasoned would be a substantial loss, though no part of the penalty. No doubt they also reasoned he was not a man of means, who could pay a heavy fine. In any event the testimony of the two Highway Patrolmen and the conduct of the defendant in operating his automobile in the manner he did, is sufficient upon which to sustain the verdict, judgment and sentence herein. For the foregoing reasons the judgment and sentence is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.