Ralph Leonard MATLOCK, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12325.

Criminal Court of Appeals of Oklahoma.
July 25, 1956.

Lewis F. Oerke, Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

BRETT, Judge.

Ralph Leonard Matlock, plaintiff in error, defendant below, was charged in the County Court of Caddo County, Oklahoma, with the offense of operating a motor vehicle on a public highway while under the influence of intoxicating liquor, in violation of 47 O.S.1951 § 93, the offense allegedly being committed on September 11, 1955, in said county and state. He was tried by a jury, convicted, and his punishment fixed at a fine of $10 and ten days in the county jail. Judgment and sentence were entered accordingly from which this appeal has been perfected.

The evidence herein is highly conflicting. Two highway patrolmen testified that as the defendant approached them on the

highway, they observed him weaving on the road, about a mile from Anadarko. As he passed by, they turned around and followed him to where he weaved and zigzagged onto the shoulder of the road. They testified that when they ordered the defendant from the pickup, he staggered, his speech was slurred and he smelled of intoxicants. They arrested him for operating a motor vehicle while under the influence of intoxicating liquor. Search of the pickup revealed in the cab a half-gallon jar with about one-half pint of moonshine whiskey therein. A further search revealed seven half-gallons of moonshine whiskey. They stated the defendant told them he had been drinking beer.

The defendant testified, in substance, that he did not know the whiskey was in the truck, that he had not been drinking any whiskey, but he did admit that a few minutes before his arrest he and his associates, a man and a woman, had drunk some beer at an establishment known as The Snake Pit. The defendant's associates corroborated the defendant in his testimony that he was not drunk and had not been drinking from the whiskey jars.

The evidence, being of a highly conflicting nature, presented a question for the jury. Under such conditions, it has been repeatedly held that we will not interfere with the verdict of the jury, since it is their sole and exclusive province to weigh and determine the facts. McCormick v. State, Okl.Cr., 279 P.2d 359; Gardner v. State, Okl.Cr., 278 P.2d 249; Dodson v. State, Okl.Cr., 284 P.2d 437.

This case was set for oral argument on July 16, 1956. No briefs were filed and no appearance made in support of said appeal. The case was accordingly submitted on the record. We have examined the record and find no apparent error on the face thereof, and further find no fundamental grounds for reversal of the conviction herein. Under these conditions it has been repeatedly held the judgment and conviction will be affirmed. Welborn v. State, 95 Okl.Cr. 130, 240 P. 2d 1130; Curtis v. State, 97 Okl.Cr. 199, 261 P.2d 476.

The judgment and sentence herein imposed is accordingly affirmed.

POWELL, J., concurs.