THE STATE *v.* SHANE COVINGTON.

(*Jackson.* April Term, 1920.)

CRIMINAL LAW. Acquittal bar to prosecution for offense arising out of same transaction.

Defendant having been acquitted on a charge of violating the Act of 1917, chapter 12, which in sections 1, 2, and 3 denounces the offenses of receiving, possessing, and transporting liquors, cannot, though only one of the three separate offenses was charged, be prosecuted for others denounced arising out of the same transaction, for section 6 limits the fine in such cases to $500 and transaction to six months, and to allow the state to split the same transaction into three indictments might result in the imposition of triple penalty.

Acts cited and construed: Acts 1917, ch. 12; Acts 1833, ch. 10, sec. 2.

Case cited and approved: Hite v. State, 17 Tenn., 379.

Case cited and distinguished: Fiddler v. State, 26 Tenn., 508.

---

FROM HAYWOOD .

---

Error to the Circuit Court of Haywood County.— HON. THOS. E. HARWOOD, Judge.

W. H. SWIGGART, JR., Assistant Attorney-General, for the State.

BOND & BOND, for defendant in error.

State v. Covington.

Mr. Justice McKinney delivered the opinion of the Court.

The defendant in error was indicted at the January term, 1919, of the circuit court of Haywood county for violating the liquor laws. The indictment contained two counts, the first charging the defendant in error with unlawfully receiving intoxicating liquors, and the second with unlawfully being in the possession of intoxicating liquors..

At the next term of the court the defendant in error interposed a plea of former acquittal, which was sustained by the court, and the defendant in error was discharged.

In said plea of former acquittal the defendant in error set out that he had been tried and had been given a verdict of not guilty upon an indictment returned at the May term, 1918, charging that in April, 1918, he did transport into this State and from one place to another in this State and within the county aforesaid, intoxicating liquors, including wine, ale and beer, for another person, firm and corporation."

After setting out said former indictment and trial, and the result thereof, and averring that the judgment rendered on said verdict of not guilty was final, the plea concluded with the following averments:

"The defendant says that the offense for which he was acquitted and upon which said judgment of not guilty was pronounced is the identical offense as the one charged the defendant in this case, and that the court had jurisdiction to hear and determine said case and to pronounce said judgment.

"The defendant further says that the facts upon which the presentment above set out was predicated and based are the identical facts upon which the presentment is predicated and based in the present case."

The Attorney General moved the court to strike out said plea of a former acquittal because it did not charge the same offense. The court overruled said motion, and, the State having declined to take issue, the court thereupon dismissed the case. From this action of the court the state prayed and was granted an appeal to this court.

The first three sections of chapter 12 of the Acts of 1917 are as follows:

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, that it shall be unlawful for any person, firm or corporation to receive, directly or indirectly, intoxicating liquors including wine, ale and beer, from a common, or other carrier, in this state, whether intended for personal use, or otherwise, and whether interstate or intrastate shipments or transportation.

"Sec. 2. Be it further enacted, that it shall be unlawful for any person, firm or corporation to possess intoxicating liquors, including wine, ale and beer, hereafter received, directly or indirectly, from a common or other carrier in this state, whether intended for personal use or otherwise, and whether interstate or intrastate shipments or transportation.

"Sec. 3. Be it further enacted, that it shall be unlawful for any express company, railroad company, or any common carrier or person to ship or transport into

this state or from one place to another within this state, intoxicating liquors including wine, ale and beer, for any person, firm or corporation, whether in original packages or otherwise and whether intended for personal use or otherwise.''

The punishment prescribed for violating the provisions of said act is contained in section 6 thereof, which is as follows:

''Sec. 6. Be it further enacted, that any person, firm or corporation violating any of the provisions of this' act, shall, upon conviction, be fined not less than fifty dollars nor more than five hundred dollars, and in the discretion of the court may be imprisoned in the county jail or workhouse for a period of time not exceeding six months.''

Had the original indictment contained three counts charging, respectively, (a) receiving, (b) possessing, and (c) transporting liquors, and had the jury found the defendant guilty on all three counts, under the provisions of the act, the maximum punishment which could have been imposed would have been a fine of $500 and an imprisonment of six months.

The plea, which must be taken as true, says that this was one transaction, so that if the State were permitted to split this one transaction into three parts and charge the defendant with receiving in one indictment—possessing in the second, and transporting in the third—and the defendant should be found guilty in each case, then the court could impose a fine of $500, and an imprisonment of six months in each case. While the statute only contemplated a maximum fine of $500, and an imprisonment of six months for the entire transaction.

The principle involved is thus stated in 16 Corpus Juris, 272, to wit:

"There is also another rule which declares that, if the prosecution under the second indictment involves the same transaction which was referred to in the former indictment, and it was, or properly might have been, the subject of investigation under that indictment, an acquittal or a conviction under the former indictment would be a bar to a prosecution under the last indictment. This rule is sometimes called the 'same transaction test.'

This text is supported by a great many authorities.

It is well illustrated in our case of *Fiddler* v. *State,* 7 Humph., 508, in which the defendant was presented for betting on a horse race. To this indictment the defendant pleaded that he had been indicted for running a horse race along a public road, and had been convicted thereof on his own confession, and punished therefor; and that said horse race for running which he had been so convicted and punished, and the horse race for betting on which he is presented, is one and the same horse race. To this plea the Attorney General demurred. The court sustained the demurrer, and fined the defendant. The statute involved was section 2 of chapter 10 of the Acts of 1833, which provides that—

"Be it enacted, that all and every person betting or running, aiding and abetting in running any horse race in or along any public road in this State, shall be liable to be indicted under the same rules and provisions as are now in force and use in this State against unlawful gaming."

It will be noticed that this act prohibits (a) betting on a horse race, and (b) running a horse race.

This court reversed the trial court, holding the plea of former conviction to be good. The court held that there was but one transaction, and hence the matter of gaming, by betting on a horse race, was a proper subject of investigation under the first indictment. In the first indictment the State could have included a count for betting, but the State has no right to split up one transaction of this nature into parts, and find an indictment on each part.

In *Hite* v. *State,* 9 Yerg., 379, an entirely different principle was considered, and the question there involved has no bearing upon the present case.

We are of the opinion that the trial judge was correct in dismissing the case, and his judgment is affirmed.