IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## MIDDLE DIVISION

NASHVILLE.  DECEMBER TERM, 1923.

THE STATE *v.* T. W. COFFMAN.

(*Nashville.* December Term, 1923.)

CRIMINAL LAW. Separate prosecutions for forgery may not be predicated on different signatures of same note.

One charged with making of note purporting to have been signed by three individuals jointly cannot be separately indicted for forgery with respect to each signature, his fraudulent making of note being a single transaction.

Acts cited and construed: Acts 1917, ch. 12.

Cases cited and approved: Phillips v. State, 85 Tenn., 551; State v. Covington, 142 Tenn., 659; Fiddler v. State, 26 Tenn., 508; State v. Egglesht, 41 Iowa, 574.

FROM RUTHERFORD.

Appeal from the Circuit Court of Rutherford County.—
HON. JOHN E. RICHARDSON, Judge.

(525)

Wm. H. Swiggart, Jr., Assistant Attorney-General, for the State.

Holloway & Coffey, for appellee.

Mr. Chief Justice Green delivered the opinion of the Court.

At the March, 1923, term of the circuit court of Rutherford county, T. W. Coffman was indicted for feloniously making a certain note payable to ·the order of the First National Bank of Murfreesboro for $1,300, with the names of T. W. Coffman, W. C. Coffman, and R. L. Fox signed thereto. The note was set out, bearing date August 2, 1921, and signed by T. W. Coffman, W. C. Coffman, and R. L. Fox as joint makers. It was charged that the signature of the name of R. L. Fox to the note was done by Coffman without authority from said Fox, and was a forgery, and made with intent to defraud the said First National Bank and R. L. Fox. The second count of the indictment charged that T. W. Coffman did feloniously, etc., pass and transfer the aforesaid note, knowing it to be a forgery with intent to defraud the said First National Bank and R. L. Fox.

The defendant, T. W. Coffman, interposed a plea of former acquittal. The plea set out that at a previous term of the same court he had been indicted of forgery, in respect to the identical note, and for uttering the said note, and that the only difference between the present indictment and the former indictment was that he was charged in the former indictment with forging the name of W. C. Coffman to the note. It was stated in the plea that the offense of forgery and passing forged papers charged in

both indictments was the same identical and individual offense, and that the note copied into each indictment, upon which he was charged to have placed the forged signatures, was "one and the same note." . . .

A motion was made by the state to strike said plea, which, however, the court overruled, and said plea was sustained. The state has appealed in error to this court.

The question presented is whether a defendant may twice be indicted for forged signatures on the same instrument, or indicted with respect to each signature charged to have been forged.

We think the trial judge was correct in his ruling.

The bare writing of the name of R. L. Fox without authority was not an offense. The bare writing of the name of W. C. Coffman without authority was not an offense. The case, therefore, cannot be likened to the case of a defendant who steals goods belonging to two different parties, as *Phillips* v. *State*, 85 Tenn., 551, 3 S. W., 434.

It was necessary to show in the one case that the name of R. L. Fox, and in the other case that the name of W. C. Coffman, was forged to some legal, effective writing, to the prejudice of the rights of R. L. Fox or W. C. Coffman. It was charged in the first indictment that the signature of W. C. Coffman was forged to a note payable to the First National Bank, and it was charged in the second indictment that the signature of R. L. Fox was forged to a note payable to the First National Bank. The plea avers that the note referred to in each indictment was one and the same note.

The gist of each offense charged was fraud in making up the note. It was the same note in both cases, as appears

from the plea and from an inspection of the two indictments.

The indictment in each case charges that the defendant made a certain instrument in writing "with the names of T. W. Coffman, W. C. Coffman, and R. L. Fox signed thereto," following which language the note is set out. Each indictment, therefore, charges an identical transaction, to wit, the making of a particular note with three specified signatures. An examination of the indictments, therefore, discloses that the transaction is the same in both cases, even if this fact should not be thought to sufficiently appear from the plea.

The transaction being the same, we think that not more than one indictment can be based thereupon. We think the case falls within the rule approved by this court in *State* v. *Covington,* 142 Tenn., 659, 222 S. W., 1. The defendant in that case was indicted for the unlawful transportation of intoxicating liquors and acquitted. Thereafter he was indicted for the unlawful receipt and possession of intoxicating liquors. His plea of former acquittal upon the grounds that one transaction was the basis of each indictment and that the state could not split the transaction and have separate convictions on different details thereof was upheld. All the charges were based on chapter 12 of the Acts of 1917, denouncing the unlawful receipt, possession, and transportation of intoxicating liquors.

The court quoted and sanctioned 16 C. J. 272, as follows:

"There is also another rule which declares that, if the prosecution under the second indictment involves the same transaction which was referred to in the former indictment, and it was, or properly might have been, the subject

of investigation under that indictment, an acquittal or a conviction under the former indictment would be a bar to a prosecution under the last indictment. This rule is sometimes called the 'same transaction test.' "

To the same effect is *Fiddler* v. *State,* 26 Tenn. (7 Humph.), 508.

The test of former jeopardy, proposed by the state, "whether the proof essential and sufficient to secure a conviction under the second indictment would have without more sustained or procured a conviction under the first indictment" cannot be applied in every case. If each indictment set out the entire transaction, such a test would be well-nigh infallible. If one indictment, however, sets out part of the transaction, and another indictment sets out another part, the rule suggested would not do. Under such a test the state could divide an offense into several parts and inflict disproportionate penalties for one substantial crime.

It has been held in other jurisdictions that only one indictment can be had against a defendant for uttering two or more forged papers as a part of the same transaction. *State* v. *Egglesht,* 41 Iowa, 574, 20 Am. Rep., 612; *Bishop* on Criminal Law, vol. 1, section 1053.

After diligent search, we find no authority dealing with the precise question presented here. The analogies of the law, however, compel the conclusion that the trial judge was correct in his ruling, notwithstanding the exceptionally strong argument of the state to the contrary. Affirmed.