W. F. DOWDY *v*. THE STATE.

(*Nashville.*   December Term, 1928.)

Opinion filed February 23, 1929.

EARL A. BROWN and J. B. WHITE, for plaintiff in error.

NAT TIPTON, assistant attorney-general, for the State.

MR. JUSTICE COOK delivered the opinion of the Court.

Plaintiff in error, herein called defendant, appealed from a judgment upon a verdict of guilty of driving an automobile on the public highway while intoxicated. Assignments of error, other than as directed to the action of the trial court in striking defendant's plea of former conviction, are without merit. The plea which was stricken on motion of the State, in substance, sets forth that defendant was adjudged guilty and punished at the last term of court upon an indictment for public drunkenness based upon the identical facts, and dependent upon the same transaction as that on which the present indictment depends.

The State insists that the plea was properly stricken, because the test is not whether the defendant has been convicted and punished for the same act, but whether he has been put in jeopardy for the same offense.

General rules deducible from principle and authority appear to be:

*(1)* 1. Where two or more offenses of the same nature are by statute carved out of the same transaction and are properly the subject of a single investigation, an acquittal or conviction for one of the several offenses bars subsequent prosecution for the others.

2. When the facts constitute but one offense, though it may be susceptible of division into parts, as for stealing several articles from the same person at the same time, conviction for stealing one of the articles will bar subsequent prosecution for stealing the others.

3. When the facts constitute two or more offenses, wherein the lesser offense is necessarily involved in the greater—as an assault is involved in an assault and battery, as an assault and battery is involved in an assault and battery with intent to commit felony and as a larceny is involved in a robbery—and when the facts necessary to convict on a second prosecution would necessarily have convicted on the first, then the first prosecution to a final judgment will be a bar to the second.

4. But when the same facts constitute two or more offenses, wherein the lesser offense is not necessarily involved in the greater, and when the facts necessary to convict on a second prosecution would not necessarily have convicted on the first, then the first prosecution will not be a bar to the second, although the offenses were both committed at the same time and by the same act.

*(2)* There is, apparently, no difficulty in applying the second and third propositions, but the courts differ as to what will constitute the same offense and as to when more than one punishment may be applied to the same trans-

action. The difficulty in the application of these principles was observed, and in *State* v. *Ross,* 4 Lea, 444, the court said:

"Some courts have gone to the extent of holding that there can be only one punishment for one criminal transaction, while others, rushing to the other extreme, have held that one act may constitute any number of crimes, for each of which the doer may be prosecuted, and a conviction of one will not bar a prosecution for another."

Taking the extreme view referred to in *State* v. *Ross,* some courts in applying the fourth proposition herein hold that since to sustain the charge of driving an automobile while drunk, it is necessary to establish the additional fact of driving on the highway, conviction for one of these offenses will not bar prosecution for the other. Some of the cases so holding are *State* v. *Garcia,* 198 Ia., 744; *Smith* v. *State* (Ga.),—S. E., 219; *People* v. *Townsend,* 214 Mich., 267, and see *State* v. *Malpass,* 189 N. C. 349. But the courts of this State, observing the spirit and the letter of the law (Constitution, Article I, sec. 10; *Greenwood* v. *State,* 6 Bax., 569; *State* v. *Reynolds,* 4 Haywood, 110), hold that acquittal or conviction in one of several related offenses resulting from the same transaction bars subsequent prosecution for the others. Our cases illustrating this principle are as follows: *Abernathy* v. *State,* 153 Tenn., 441; *Patmore* v. *State,* 152 Tenn., 284; *State* v. *Coffman,* 149 Tenn., 525; *State* v. *Covington,* 142 Tenn., 659; *Wright* v. *State,* 8 Lea, 564; *State* v. *Ray,* 4 Lea, 444; *Mikels* v. *State,* 3 Heisk., 321; *Ramsey* v. *State,* 5 Sneed, 653; *State* v. *Chaffin,* 2 Swan, 493; *McGinnis* v. *State,* 9 Humph., 43; *Fiddler* v. *State,* 7 Humph., 501.

It may be observed from a review of the foregoing cases that the rule does not extend to unrelated substantive offenses arising out of the same transaction. The distinction is made in *State* v. *Ross, supra,* where it was held that conviction for disturbing public worship by shooting a pistol in a church did not bar a subsequent prosecution for assault with intent to commit murder by the act of shooting.

In *Patmore* v. *State, supra,* the court, referring to punishment as applied to several counts of a single indictment, said:

"Even if it be conceded that two conviction and two punishments may be had in any case upon separate counts, the practice is not approved, and, certainly it must be clear that the offenses are wholly separate and distinct. Our own cases appear to prohibit the practice where the offenses grow out of one transaction and involve but one criminal intent."

The power of election rests with the State, not the criminal, and the State should not split the transaction so as to subject the accused to cumulative sentences for the same offense or for different offenses involving the same act as a means of pyramiding punishment for two or more cognate offenses.

As said in *Ramsey* v. *State, supra*: "It is granted that a man may commit several distinct offenses in the same act, and that the prosecutor may carve as large an offense out of the transaction as he can; yet the better rule seems to be, that he is not at liberty to cut but once."

Public drunkenness and the same act of drunkenness while driving an automobile on a public highway are related offenses which could be presented in separate counts of one indictment and upon conviction defendant

could be punished for either offense, but not for both. *Covington* v. *State, supra*: *Patmore* v. *State, supra.*

In *Covington* v. *State,* and other cases referred to, the court, observing *Fiddler* v. *State,* applied the same transaction test upon the principle stated in paragraph one, *supra,* and we concur in making that application here. The transaction was the same; the witnesses were the same. Both acts could have been presented in a single indictment of two counts, and if it had been done, under our authorities there could have been but one punishment.

To hold that the State may split the same transaction into independent indictments instead of including them in separate counts of one indictment would authorize the State by indirection to duplicate punishment for the same transaction, though forbidden by the rule announced in *Covington* v. *State* and *Patmore* v. *State.*

We are constrained to hold that defendant's plea was erroneously stricken. Reversed and remanded.