USARY *v.* STATE.*

*(Knoxville,* September Term, 1937.)

Opinion filed Nov. 27, 1937.

*This case reprinted and annotated in 114 A. L. R., 1401.

306

John R. Todd, Jr. of Kingsport, for plaintiff in error.

Nat Tipton, Assistant Attorney-General, for the State.

Mr. Justice Chambliss delivered the opinion of the Court.

Plaintiff in error was indicted under two counts, the first charging driving while drunk, and the second driving "carelessly and heedlessly and in wanton disregard of the rights and safety of others." At the May term, 1936, he was tried and the jury reported not guilty upon the first count of the indictment, but that they could

not agree as to the second count. The court thereupon accepted the verdict as to the first count, driving while drunk, and sent the jury back with instructions to consider further the second count only. The record shows that the next day the court entered a mistrial, the jury not having been able to reach an agreement, and the case was continued for trial upon the second count to the next term. At the September term following, plaintiff in error filed a plea of *autrefois acquit,* alleging, in substance, the facts above stated, and further averring that thereupon counsel representing the defendant moved the court "that by reason of the jury returning a verdict of not guilty on the first count of the indictment which was accepted by the court, that the defendant be now and forever discharged and released from this indictment. Which motion was overruled by the court. Therefore the defendant C. A. Usary, pleads former jeopardy and acquittal on the indictment in this case, and prays the judgment of the court thereon and prays to go hence without day."

This plea was overruled by the court and at the following May term plaintiff in error was put upon trial on the second count and convicted thereon and his punishment fixed at a fine of $50 and ten days' confinement in the county jail, from which judgment he has appealed.

■ While an assignment in this court raises the question of the preponderance of the evidence, we do not think any detailed discussion of this assignment is called for. There is positive testimony by several witnesses, officers and others, that there had been a wreck on the highway between Kingsport and Bristol on a certain night and that plaintiff in error drove his car at high speed and in a generally reckless manner upon and into

the midst of the scene, where a number of cars were parked and several had been wrecked, and ran violently into and against one or more of them. While the defendant took the stand and undertook to dispute this testimony and deny the charge, and introduced one or two witnesses in his behalf, it cannot be seriously contended that there is a preponderance of evidence against the verdict.

The question most earnestly argued arises on the plea in abatement, to which reference has been made. This plea is based upon the contention that the action of the trial court in receiving the verdict of not guilty upon the first count of the indictment amounted in law to an acquittal upon the second count, the question presented being whether or not a trial judge may receive a verdict upon one or more counts of an indictment, where the trial jury is unable to reach an agreement upon all counts, without discharging the accused as having been once put in jeopardy as to the second count.

It is conceded by counsel for the accused and for the State that the precise question has not been directly passed upon in this State in any reported case. However, as stated in the brief of the Attorney General, the rule is well settled in Tennessee that each count is, in legal contemplation, a separate indictment and must contain all the averments necessary to constitute the offense sought to be charged in such count. For the rule that each count must be a complete indictment in itself, see *Rice* v. *State,* 50 Tenn. (3 Heisk.), 215, 221. And that each is regarded as charging a distinct offense, see *Campbell* v. *State,* 17 Tenn. (9 Yerg.), 333, 30 Am. Dec., 417; *Esmon* v. *State,* 31 Tenn. (1 Swan.), 14; *Boyd* v. *State,* 47 Tenn. (7 Cold.), 69; *State* v. *Lea,* 41 Tenn. (1

Cold.), 175. In the Esmon Case, *supra,* it was said,

"Each count of an indictment is regarded as containing the charge of a distinct and substantive offence. And if, on one trial, the defendant be acquitted of the charge in either count, he cannot be again put in jeopardy upon that charge," etc. In this case and in *Boyd* v. *State, supra,* where like language is used, the court limited the plea of jeopardy to those counts on which a verdict had been reached, thus, by clear implication indicating that the plea would not apply to a count as to which no verdict had been reached.

Certainly, if plaintiff in error had been separately indicted for the two offenses it could not be successfully insisted that an acquittal upon one of these charges would operate to discharge him under his plea of former jeopardy; and, since separate counts of an indictment are in legal contemplation each separate indictments, we are unable to see how the failure of the jury to agree as to both counts of one indictment would so operate.

██ Under the facts here appearing the defendant got the full benefit of the verdict of the jury on the count as to which an agreement was reached. We cannot conceive how he has been in any wise prejudiced, or in any sense put twice in jeopardy other or further than in any case in which an accused is subjected to a second trial following a mistrial resulting from failure of the jury to agree on a verdict on the first trial. It is, of course, well settled that the plea of former jeopardy is not available in such case.

The learned Attorney General has so well expressed what we conceive to be correct views of this question, that we quote at length from his brief, including the authorities cited:

"The power of the trial jury in the present case to have acquitted upon the first count, and to have convicted upon the second count is unquestioned, and could not be questioned under our authorities. Now then, does the right of the jury to reach a verdict upon one of two counts necessarily depend upon their right to reach an agreement upon the other count? If the jury be in accord upon one count, should they not have the right to return a verdict upon such count, irrespective of their inability to reach such agreement upon the remaining count?

"But the State is not without ample authority in other jurisdictions as to the right of the trial jury to return a verdict upon certain counts of indictments containing more than one count, while unable to reach agreements upon the remaining counts. In *State* v. *Klauer,* 70 Kan., 384, 78 P., 802; in *State* v. *Weiss,* 84 Kan., 165, 113 P., 388, 36 L. R. A. (N. S.), 73; in *State* v. *McGee,* 55 S. C., 247, 33 S. E., 353, 74 Am. St. Rep., 741; in *Dolan* v. *U. S.,* 8 Cir., 133 F., 440, 69 C. C. A., 274; in *Linden* v. *U. S.,* 3 Cir., 2 F. (2d), 817, and finally in *Selvester* v. *U. S.,* 170 U. S., 262, 18 S. Ct., 580, 581, 42 L. Ed., 1029, the power of the trial judge to receive a verdict of the jury upon certain counts of the indictments, where the jury was unable to agree upon the issues contained in the other counts, was expressly upheld. It is true that in virtually all of these cases the verdict reached upon the counts upon which agreement was had was a verdict of conviction, rather than one of acquittal, but when we concede to the jury the right to return a verdict on certain counts, while disagreeing as to certain others, we of necessity must concede to that body the right to return a verdict in favor of either party to the litigation.

· "There is an interesting and extensive discussion of this matter in *Selvester* v. *U. S., supra*, wherein the authorities in this country on both sides of the question are reviewed and analyzed. It is interesting to note that the Court, in an opinion by MR. JUSTICE WHITE, later CHIEF JUSTICE, reaches the conclusion that the American authorities denying the right of the jury to reach a verdict upon less than each count contained in the indictment, proceed from a misconception of the ancient English case of *Rex* v. *Hayes*, 2 Ld. Raym., 1518, and also that eminent jurist calls attention to the fact that the case above cited has been differentiated by the Courts of England, in which country it originated, and that the courts of the land of origin of this case have refused to give to it the authority claimed therefor by some of the early American decisions. We quote the following from this opinion:

" 'But in a criminal case, where each count is, as it were, a separate indictment, one count not having been disposed of no more affects the proceedings with error than if there were two indictments. In *O'Connell* v. *Queen*, 11 Clark & F., 155, which has been referred to PARKE, B., says, pp. 296, 297: "So in respect of those counts on which the jury have acted incorrectly, by finding persons guilty of two offenses (on a count charging only one), if the crown did not obviate the objection by entering a *nolle prosequi* as to one of the offenses *(Rex* v. *Hempstead,* Russ & R. Cr. Cas., 344), and so, in effect, removing that from the indictment, the court ought to have granted a *venire de novo* on those counts, in order to have a proper finding; and then upon the good counts it should have proceeded to pronounce the proper judgment. In short, I should have said that the defendants

should, on the face of the record, be put precisely in the same condition as if the several counts had formed the subject of several indictments.'' That is exactly what I say here. Each count is, in fact and theory, a separate indictment, and no authority has been produced to show that we ought to defeat the ends of justice by such a technical error as this.'

''In passing, it will be noted that the rule as to the sustaining of separate counts in an indictment in Tennessee is the same as that stated by the English jurist above quoted. *State* v. *Lea, supra.*

''It is true that in *State* v. *Klauer, supra,* there was an acquittal on certain counts, and a mistrial on others, and that a plea of *autrefois acquit* was sustained, but it will be noted specially that the plea of *autrefois convict* was sustained, not upon the theory that the rendition of a verdict of not guilty upon one count of an indictment by implication of law necessitated a verdict to the same effect upon all counts of the indictment, but on the contrary, the plea of *autrefois acquit* was sustained upon the theory that there had not been shown a sufficient necessity for the discharge of the jury upon the counts upon which disagreement was had, a matter which does not arise in the present case under the form of the plea interposed by the plaintiff in error, although strenuously argued by the plaintiff in error in his assignments of error. . . .

''In *State* v. *McGee, supra,* the trial jury returned a verdict of guilty upon two counts of a three count indictment, while unable to agree upon the third count. An appeal was taken, and in passing upon the question, the Supreme Court of South Carolina, while revers' the judgment of the lower court on the two counts upon

which conviction was had, took occasion to say specifically that the defendant in that case could not claim acquittal under the third count, an authority directly in point in the present case.

"So, therefore, the State respectfully insists, both on principle and precedent, that the right of a jury to return a verdict upon less than all counts in an indictment is well established."

In the recent case of *Dowdy* v. *State*, 158 Tenn., 364, 13 S. W. (2d), 794, while the question for decision was not the same now before us, in the course of his opinion Mr. Justice Cook thus clearly restates "general rules deducible from principle and authority," which have direct application, in principle, to the instant case:

■ "*(1)* 1. Where two or more offenses of the same nature are by statute carved out of the same transaction, and are properly the subject of a single investigation, an acquittal or conviction for one of the several offenses bars subsequent prosecution for the others.

■ "2. When the facts constitute but one offense, though it may be susceptible of division into parts, as for stealing several articles from the same person at the same time, conviction for stealing one of the articles will bar subsequent prosecution for stealing the others.

■ "3. When the facts constitute two or more offenses, wherein the lesser offense is necessarily involved in the greater—as an assault is involved in an assault and battery, as an assault and battery is involved in an assault and battery with intent to commit felony, and as a larceny is involved in a robbery—and when the facts necessary to convict on a second prosecution would necessarily have convicted on the first, then the first prosecution to a final judgment will be a bar to the second.

■ "4. But when the same facts constitute two or more offenses, wherein the lesser offense is not necessarily involved in the greater, and when the facts necessary to convict on a second prosecution would not necessarily have convicted on the first, then the first prosecution will not be a bar to the second, although the offenses were both committed at the same time and by the same act."

■ It will be seen that the instant case comes clearly within the terms of paragraph 4, last above quoted.

For the reasons indicated we find no error in the action of the trial judge in overruling this plea.

■ Complaint is made in argument by counsel for plaintiff in error that the trial judge erred in ordering a mistrial upon an insufficient showing of necessity therefor, but we do not think this question is fairly raised by the plea, and it was not otherwise made on the motion for a new trial. Moreover, while the recitals are not in detail, we think sufficient appears in the order of the trial judge to support a presumption that the circumstances justified his action.

■■ The final contention here made is that the Code, section 2681, on which the count of the indictment charging reckless driving is based, is so indefinite as to be in violation of article 1, sections 9 and 14 of the State Constitution. This act has now been before this court in a number of cases and its provisions in this regard have been more than once approved, at least by implication. See *Barkley* v. *State,* 165 Tenn., 309, 54 S. W. (2d), 944, 945, wherein the language in the count now before us was held to create one of two separate offenses dealt with in this Code section. Whether or not one is driving a motor vehicle on the highway "carelessly and

heedlessly and in wanton disregard of the rights and safety of others" is a question of fact which may fairly be submitted to and determined by a judge and jury. Whether one has conducted himself "without due care," a phrase equally indefinite, presents a question of fact quite commonly presented for determination as a basis of liability in both civil and criminal actions. Similar statutes in other jurisdictions have been sustained by the overwhelming weight of authority. Some of these cases in point are the following: *Ex parte Daniels,* 183 Cal., 636, 192 P., 442, 21 A. L. R., 1172; *Schultz* v. *State,* 89 Neb., 34, 130 N. W., 972, 33 L. R. A. (N. S.), 403, Ann. Cas., 1912C, 495; *State* v. *Schæffer,* 96 Ohio St., 215, 117 N. E., 220, L. R. A., 1918B, 945, Ann. Cas., 1918E, 1137; *State* v. *Andrews,* 108 Conn., 209, 142 A., 840; *Commonwealth* v. *Pentz,* 247 Mass., 500, 143 N. E., 322; *State* v. *Goldstone,* 144 Minn., 405, 175 N. W., 892; *Maxon* v. *State,* 177 Wis., 379, 187 N. W., 753, 21 A. L. R., 1484; *Ex parte Daniels,* 41 Okl. Cr., 399, 273 P., 1010.

All the assignments must be overruled, and the judgment affirmed.