HAMBLEN *v.* STATE.

(*Knoxville,* September Term, 1945.)

Opinion filed December 1, 1945.

On Petition to Rehear January 5, 1946.

222

CHARLES H. DAVIS, of Knoxville, for plaintiff in error.

ERNEST F. SMITH, Assistant Attorney-General, for the State.

MR. JUSTICE NEIL delivered the opinion of the Court.

This case is on appeal from the Criminal Court of Knox County, the appellant having been convicted of

violating the age of consent upon Pauline Gentry, a young girl about fourteen years of age. A separate opinion has been filed with the record, in which we disposed of all assignments of error. There are two questions, however, made on the appeal which we feel should be considered separately in an opinion for publication.

The present indictment upon which the defendant stands convicted was the second one returned by the grand jury. The first indictment was for the crime of rape. It appears that following the selection and swearing of the jury and reading of the indictment in the case charging him with rape, the State moved the court for an order *nolle prosequi* because "the face of the indictment shows a violation of the age of consent, and in the body of it is charged as rape."

When the jury was qualified the court asked them "if they had formed or expressed an opinion as to the guilt or innocence of Ernest Hamblen, charged with violating the age of consent." A *nolle prosequi* was entered over the objection of defendant and a wayside bill of exceptions was taken to preserve the exception.

When the defendant was formally arraigned on the second indictment charging him with violating the age of consent, he filed a special plea of former jeopardy. The plea was as follows: "The defendant further averring that the *nolle prosequi* of the indictment charging rape, after the jury was sworn, without the consent of the defendant, operated in law not only as an acquittal of the offense of rape, . . . but operated also as an acquittal on all other offenses which were by statute carved out of the same transaction, provable by the same witnesses."

It is further averred that it operated as an acquittal of the offense of violating the age of consent, since the latter offense is embraced in the crime of rape.

The plea was overruled and an exception noted.

Wheh the defendant filed his motion for a new trial the question of former jeopardy was again presented to the trial judge for consideration. The action of the court in overruling his motion for a new trial, and thus refusing to sustain the foregoing special plea, is made the basis of an assignment of error in this court.

 While we have dealt with the question now before us in several cases, particularly *State* v. *Coffman,* 149 Tenn. 525, 261 S. W. 678, 33 A. L. R. 559; *State* v. *Covington,* 142 Tenn. 659, 222 S. W. 1; *Dowdy* v. *State,* 158 Tenn. 364, 13 S. W. (2d) 794,, and *Usary* v. *State,* 172 Tenn. 305, 306, 112 S. W. (2d) 7, 114 A. L. R. 1401 we have not considered and applied the principle to the crime of rape and other offenses involving unlawful sexual relations. In the last case mentioned, *Usary* v. *State,* the defendant was indicted upon two counts, the first, driving while drunk, and second, driving "carelessly and heedlessly," etc. He was acquitted under the first count for driving while drunk and a mistrial entered as to the second. At the following term of court he pleaded *autrèfois acquit.* The principle invoked by defendant in the instant case was fully considered and it was there held that the plea was not available. Mr. Justice CHAMBLISS quotes with approval the following statement by Mr. Justice COOK in *Dowdy* v. *State, supra,* 158 Tenn. p. 365, 13 S. W. (2d) 794: "(4) But when the same facts constitute two or more offenses, wherein the lesser offense is not necessarily involved in the greater, and when the facts necessary to convict on a second prosecution would not necessarily have convicted on the first, then the first prosecution will not be a bar to the second, although the offenses were both committed at the same time and by the same act."

Applying this sound rule to the facts of the instant case, it can be readily seen that the lesser offense of violating the age of consent is not necessarily included in the greater offense of rape.

We find, upon examination of cases from other jurisdictions, diversity of opinion as to crimes that are held to fall within "the same transaction class." In 22 C. J. S. Criminal Law, sec. 292, page 441, under Rape and Other Offenses, it is said: "Rape and other offenses are sometimes involved in the same transaction and the prosecution of one offense may or may not constitute a bar to prosecution of the other."

The constitutional prohibition against a second jeopardy for the same offense involves offenses that are substantially the same in law and in fact. In 22 C. J. S., Criminal Law, sec. 278, p. 415, it is said: "The plea will be vicious if the offenses charged in the two indictments are perfectly distinct in point of law, however nearly they may be connected in point of fact. It is not necessarily decisive that the two offenses may have some material fact or element in common, or that they are similar, where they are not in fact the same, *as the test is not whether accused has already been tried for the same act, but whether he has been put in jeopardy for the same offense.*" (Italics ours.)

In *Hall* v. *State,* 134 Ala. 90, 32 So. 750. it was held that an acquittal for rape does not bar a prosecution for seduction; that an acquittal or conviction of assault with intent to rape does not bar prosecution for lewd, immoral, and lascivious acts with a child, although both indictments refer to the same transaction. *State* v. *Jacobson,* 197 Iowa 547, 197 N. W. 638; *State* v. *Corwin,* 106 Ohio St. 638, 140 N. E. 369.

█ It is not true, as averred in the special plea, that the crime of violating the age of consent is "by statute carved out of the same transaction, provable by the same witnesses." It is a statutory offense and is distinct from rape in that force is not involved. The injured female must be between the ages of twelve and twenty-one years and her testimony must be corroborated. The evidence necessary to support a conviction in one case may be wholly insufficient in the other. In the light of our own cases and the foregoing authorities, we hold that the trial judge was correct in overruling defendant's plea of *autrefois acquit*.

It is next assigned as error that the court erred (1) in accepting the verdict of the jury convicting the defendant upon the uncorroborated testimony of the injured female, and (2) that under all the testimony adduced by the State, if believed, the defendant could not have been guilty of violating the age of consent, "said testimony having demonstrated conclusively that said female consistently denied she ever consented to the act."

It thus appears from the foregoing assignments that the defendant contends that in order to sustain a conviction there must be some evidence in corroboration of the injured female that there was an act of intercourse and also that it was with her consent.

█ All our cases hold that there must be corroborating evidence as to the act, but there is no authority to the effect that there must be corroboration that the act was consummated as the result of the injured girl's consent. The law does not require the State to prove the mental attitude of the female, whether she participated in the act willingly or was compelled by force to yield.

█ █ In further response to the defendant's contention that the evidence is at variance with the charge in the

indictment, we hold that where a person is indicted for violating the age of consent, and convicted upon evidence showing sexual intercourse with a female under twenty-one years of age, he is not entitled to a new trial upon the sole ground that the act was accomplished by force and not with the consent of the woman. Under the statute making the act of intercourse a criminal offense, it is immaterial whether she consented or was forced to yield to the defendant. It is the unlawful act that is denounced and not the means by which it is accomplished. Since the statute does not require that the State prove that Pauline Gentry consented to the act, her testimony that the defendant accomplished his purpose by force and violence is not at variance with the crime charged in the indictment.

We find material and convicing evidence in the record to corroborate Pauline Gentry that the defendant had sexual intercourse with her at the time and place stated. Moreover, the conduct of the parties at the time the act was committed may reasonably justify the conclusion that she willingly participated in the act notwithstanding her statement to the contrary. It is true she testified that the defendant accomplished his purpose by force, but, as above pointed out, this is wholly immaterial. The evidence shows that the prosecutrix went with the defendant into the country on the motorcycle willingly. When they alighted she went down into the woods back of the church without making any outcry or offering any resistance. There is no effort to show she tried to escape when she learned of his intentions. In addition to the foregoing circumstances, we think it was only natural for this young girl when caught in a shameful act to try to make it appear that she was blameless in the matter.

Now what are the facts and circumstances upon which the State relies aside from the girl's own story? (1) The presence of defendant in the woods alone with her, and his opportunity to commit the act. (2) When the constable Gunter came upon them and took them into custody the defendant made no denial of the girl's accusation that he had violated her person. This is a strong circumstance. *Winfree* v. *State,* 174 Tenn. 72, 123 S. W. (2d) 827. (3) Immediately upon returning home, she was examined by her mother and later by Dr. Cruze. The testimony of these witnesses shows that she had been violated sexually. (4) The reason given by defendant for his presence in the woods, fifty yards from the highway and back of the church, was not convincing. He stated she wanted to answer a call of nature and "she said she would not go unless I did too because she was afraid to go by herself."

Assignments of error based upon the charge of the court are not considered because the charge is not a part of the bill of exceptions. Other assignments are overruled, and the judgment of the trial court is affirmed.

### On Petition to Rehear.

Plaintiff in error has petitioned the Court for a rehearing of his appeal, complaining that the opinion is erroneous in many particulars. It is contended that it "overturns the long established rule that actual consent of the female is necessary proof in 'Violation of Age of Consent Prosecutions', also that the element of consent must be corroborated; and furthermore that the opinion abolishes the distinction between the offense of 'Violating the Age of Consent' (Code, section 1086) and 'Rape' (Code, section 10780)." The petition and brief is largely a reargument of the case.

We find nothing in Code, section 10786 providing that consent of the female to an act of intercourse is an essential element of the crime. "The substance of the crime legislated against . . . is the having unlawful carnal knowledge of a female between stated ages. *It is assumed that such act is with the actual consent of the female, but the law deprives her of the power of giving, so to speak, a lawful consent; that is, a consent effective to exonerate the defendant from legal wrong.*" (Italics ours.) *McEwing* v. *State*, 134 Tenn. 649, 653, 185 S. W. 688, 689. In this opinion Mr. Chief Justice NEIL (not the writer of this opinion) made the following observation, 134 Tenn. page 657, 185 S. W. page 690: "Females between the ages of 12 and 21 years *are incapable of giving a lawful consent to their own defilement*, but the law recognizes the defilement of such females, if accomplished without force, or with their actual though not legal consent, as an offense distinct from rape, and punishable by a penalty far less severe; such offense being punishable by confinement in the state penitentiary for a term of from 3 to 10 years, while the penalty for the crime of rape is death (Shan. Code, sec. 6452), subject to commutation by the jury trying the case to confinement in the penitentiary for a period of not less than 10 years." (Italics ours.)

The essential element of the crime of rape is want of consent, that is, that the act was done forcibly and against the will of the female. Under an early English statute, females under twelve years of age were considered incapable of consent. The statute was enacted to change the rule of the common law under which "It was not rape to have sexual intercourse with a female child, however young, if she consented." 52 C. J., p. 1020. The effect of our own statute on this subject is to modify

the rule of law under which the violated female could not legally consent. The theory upon which the English statute rests is found in a statement by Sir William Blackstone, referred to in *State ex rel. Hull* v. *Rimmer*, 129 Tenn. 383, 387, 164 S. W. 1148, 1149, as follows: "The consent or nonconsent is immaterial, as by reason of her tender years she is incapable of judgment and discretion." This statement was not made with reference to the crime of rape but to the Age of Consent Statute.

The plaintiff in error is here insisting that the State carry a burden which would in effect nullify the Age of Consent Statute, because it would be a rare case where it would be possible to corroborate the fact that the violated female consented to the act. Moreover, if under the Age of Consent Statute consent to the act is "assumed", as held in *McEwing* v. *State, supra,* it follows that it need not be shown in order to make out the offense.

Counsel for petitioner is mistaken in the view that the Court discredited Pauline Gentry, who was the chief prosecuting witness. It is true we suggested that there was some evidence indicating that she was not an unwilling participant in the act. But the opinion points out strong, if not conclusive, evidence corroborating her as to the act of intercourse. Conceding that we were in error in saying that she may have consented, although she testified that it was the result of force, the fact remains that she was the victim of plaintiff in error's lecherous and lustful desires. He has violated the law enacted to protect virtuous young womanhood, and is in no position to claim that he should have been indicted and tried for the more heinous crime of rape. *Reagan* v. *State*, 155 Tenn. 397, 293 S. W. 755.

In *Wright* v. *State*, 76 Tenn. 563, 568, the following statement, taken from Bishop on Criminal Law, is ap-

proved: " 'If the evidence show him to be guilty of a higher offense than he stands indicted for, or of a lower, or of one differing in nature, *whether under a statute or at common law,* he cannot be heard to complain; the question being, whether it shows him to be guilty of the one charged:' 1 Bish. Crim. Law, sec. 791." (Italics ours.)

The petition is denied.