**Richard Wayne WARD, Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee,
Jackson.

May 17, 1972.

Certiorari Denied by Supreme Court
Sept. 18, 1972.

W. Kent Jones, Huntingdon, for plaintiff in error.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, John L. Williams, Dist. Atty. Gen., Huntingdon, for defendant in error.

## OPINION

WALKER, Presiding Judge.

The defendant, Richard Wayne Ward, was convicted of escape from the Carroll County jail while sentenced for a felony. The jury fixed his punishment at 18 months' imprisonment. On the following day he was tried for robbery and found guilty by the jury and his sentence fixed at five years. The trial judge ordered the robbery sentence to be served consecutive to the escape sentence. He also ordered the escape sentence consecutive to the felony sentence he was serving at the time of escape.

Ward has appealed both cases to this court but his principal contention is that there was only one criminal intent and that he could not properly be convicted of robbery following the escape conviction. He filed a plea of former jeopardy to the robbery charge as well as his plea of not guilty.

On March 29, 1971, about 4:30 A.M., the defendant and another inmate named Holloway overpowered Billy Ballentine, a trusty, tied him up in the jail and took his keys. Ward was armed with a large stick or piece of wood and Holloway a three-foot piece of steel. They rushed the jailer, Ronald Belew, who was seated at the dispatcher's desk. Ward jumped over a counter, struck Belew with the stick and took his pistol from Belew's holster. Holloway also struck him with the steel. Hol-

loway took a shotgun from under the counter.

With these weapons, the defendant and Holloway forced Belew and two trusties into a cell. Belew untied Ballentine and found the cell door unlocked. Ward and Holloway returned at about the time Belew opened the cell door and again forced Belew into the cell and this time locked the door after taking his car keys. They also ordered a farmer who had come for a prisoner into the cell. They then ransacked the file cabinets and drawers in the jail office. In addition to the pistol and shotgun, Ward and Holloway took personal belongings of inmates from the file cabinet. Several envelopes were opened and one hundred dollars taken from one of them. The shotgun was found five or six miles from the jail. The pistol and money were not recovered. Ward was arrested in Texas.

Ward did not testify. He offered proof by the farmer to show that Holloway took the pistol and that neither of them took his money.

In Wilkerson v. State, 211 Tenn. 32, 36, 362 S.W.2d 253, the Supreme Court quotes from 15 American Jurisprudence, Criminal Law, Section 390:

> " 'A putting in jeopardy for one act is no bar to a prosecution for a separate and distinct act merely because they are so closely connected in point of time that it is impossible to separate the evidence relating to them on the trial for the one of them first had.' "

Offenses are not the same if, upon the trial of one, proof of an additional fact is required which is not necessary to be proved in the trial of each. Double jeopardy is directed to the identity of the offense and not to the act. Eager v. State, 205 Tenn. 156, 325 S.W.2d 815; Dowdy v. State, 158 Tenn. 364, 13 S.W.2d 794.

In *Dowdy,* supra, the rule is laid down:

> "(4). But when the same facts constitute two or more offenses, wherein the

lesser offense is not necessarily involved in the greater, and when the facts necessary to convict on a second prosecution would not necessarily have convicted on the first, then the first prosecution will not be a bar to the second, although the offenses were both committed at the same time and by the same act."

The defendants by violence took several articles of personal property including money belonging to an inmate. They had separate criminal intents in the two cases.

The defendant assigns as error the action of the trial judge in ordering consecutive sentences. We find no abuse of his discretion.

All assignments are overruled and the two judgments are affirmed.

GALBREATH and DWYER, JJ., concur.