**John Henry YOUNG, Plaintiff in Error,**

**v.**

**STATE of Tennessee, Defendant in Error.**

Supreme Court of Tennessee.

Nov. 20, 1972.

James E. Beckner, Morristown, for plaintiff in error.

David M. Pack, Atty. Gen., John B. Hagler, Jr., Asst. Atty. Gen., Nashville, for defendant in error.

## OPINION

JOHN W. WILSON, Special Justice.

The parties will be designated as in the trial court; that is, John Henry Young as defendant, and State of Tennessee as State.

The defendant, on his plea of not guilty, was tried and convicted in the Criminal Court of Hamblen County upon each count of an indictment containing two counts, charging in the first count that defendant forcibly took from the person of Fred Moser one set of keys to the Hamblen County Jail by use of a deadly weapon in violation of T.C.A. § 39–3901. In the second count it is alleged that defendant escaped from the Hamblen County Jail while being held there on a felony charge in violation of T.C.A. § 39–3807.

The jury fixed the punishment at ten years on the first count (armed robbery) and at one year on the second count (escape). Motion for new trial was duly filed and overruled, the defendant sentenced, and an appeal prayed and granted.

The Court of Criminal Appeals affirmed, with one Judge dissenting. The majority opinion took the view that there was an intent to commit two separate and distinct crimes. The dissenting opinion took the view that there was only an intent to commit one crime; i. e., escape from jail.

We granted certiorari and the matter has been argued before the Court.

On July 8, 1970, at approximately 10:30 A.M., Hamblen County Deputy Sheriff Fred Moser was returning a prisoner to the cell which was occupied by defendant. Deputy Moser unlocked the cell door, allowing the prisoner to enter, when defendant produced a loaded .32 caliber Smith & Wesson revolver and pointed this weapon at his jailer. Defendant and a cellmate, Cecil Loveday, stepped outside the cell. Loveday took Officer Moser's set of keys for the jail, ordered the jailer to get into the cell, and locked the door to the cell with the keys that he had obtained from the Deputy.

At this point Loveday dropped the set of keys on the floor outside the cell. Defendant and Loveday then walked from the cell area. Approximately ten seconds later, Loveday returned to the cell, picked up the keys and then left again.

At the time of the escape defendant was being detained on felony charges. Both defendant and Loveday were captured on the day of the escape. The gun that defendant used to effectuate his flight was found under a bush near the place of his capture.

After leaving the jail Loveday threw away the keys in a field adjoining the Hamblen County Jail. The set of keys was not found at the time of Loveday's and defendant's recapture. Several months after the escape a citizen found the keys in a field and returned them to the Hamblen County Sheriff's Department. In the meantime, an expenditure of approximately $300.00 was necessary in order to change the jail locks with new keys.

The prime question we have here is whether the evidence preponderates against the verdict finding that the defendant was guilty of armed robbery; that is, with an intent separate and apart from the offense of escaping from jail.

■ The public policy of this State against the imposition of two convictions and two punishments arising out of a single transaction is embodied in the following passage:

> "Even if it be conceded that two convictions and two punishments may be had in any case upon separate counts, the practice is not approved, and, certainly it must be clear that the offenses are wholly separate and distinct. Our own cases

appear to prohibit the practice where the offenses grow out of one transaction and involve but one criminal intent."

See Dowdy v. State (1928) 158 Tenn. 364, 13 S.W.2d 794; Patmore v. State (1925) 152 Tenn. 281, 277 S.W. 892; English v. State (1966) 219 Tenn. 568, 411 S.W.2d 702.

■ Our robbery statute, T.C.A. § 39–3901, requires a "felonious taking". When considering the proper application of this term the following rule quoted in 77 C.J.S. Robbery § 22, pp. 462–463, is particularly in point. It is:

"In the absence of a statute to the contrary, there can be no robbery without a criminal, felonious, larcenous, or, under an express statute, a fraudulent, intent. The animus furandi, or intent to steal, is essential to the crime. In other words, there must be a criminal intent of a character including the specific intent to rob; the taking must be with the intent to deprive the owner of his property permanently. The element of force or intimidation is not a substitute for the intent to steal."

In 2 Wharton's Criminal Law and Procedure, Robbery, § 548, pp. 248–250, which is closely followed by similar language in 46 Am.Jur. Robbery, § 10, pp. 143–144, it is said:

"The taking of the property must be animus furandi, that is, with the intent to deprive the owner permanently of his property. As an aggravated form of larceny, robbery requires an intent to steal. The intent must exist at the time of the taking of the property. . . .

Inasmuch as an intent to steal is an essential element, robbery frequently is negatived by circumstances surrounding the taking which indicate another motive or purpose, . . . .

Motive is not an essential element of the offense of robbery, except as it may be relevant to show the defendant's intent."

The State contends that each crime is separate and distinct, and the 4th principle quoted in the Dowdy case, supra, should apply so as to warrant prosecution, conviction and punishment for both offenses. The 4th principle outlined in the Dowdy case is as follows:

"4. But when the same facts constitute two or more offenses, wherein the lesser offense is not necessarily involved in the greater, and when the facts necessary to convict on a second prosecution would not necessarily have convicted on the first, then the first prosecution will not be a bar to the second, although the offenses were both committed at the same time and by the same act."

The defendant's version of the incident is as follows:

"Anyway, the day I escaped jail I did not touch Freddie Moser in anyway. All I done was held the gun on him and told him to get inside the cell. I did not touch him. To my knowledge Loveday did not touch him. I don't know how the keys come up and where they come from, because I did not have no access to them. That gun was the only thing I had. My only interest was not to take his money, not to take his life, not to take anything, but to get out of jail. I was doing my best to try to get out of it."

■ This statement on the part of the defendant, standing alone, with no other corroborating evidence or circumstances going to the question of intent would be of no value when there has been a conviction and approval by the trial court. But in this case, where there is other evidence and circumstances going to the question of intent, it can be considered and weighed along with such other evidence and circumstances going to the question of intent.

■ We are of the opinion that the State's contention is not sound. To accept the State's argument would require us to ignore the fact that the record contains no

basis for the idea that defendant intended to steal the set of keys. After thoroughly reviewing the record we are convinced that defendant's only intent was to escape and the taking of the keys was done only for the purpose of delaying pursuit by the Hamblen County police officials. In other words, there was only a single continuous intent to escape. Robbery requires an intent to steal the property of the owner. The proof of such intent is lacking in the record.

We are of the opinion that the evidence preponderates in favor of the innocence of the defendant on the armed robbery charge.

The judgment of the Court of Criminal Appeals and the trial court on the armed robbery charge is reversed. The judgment of the trial court and the Court of Criminal Appeals on the escape from jail charge is affirmed.

DYER, C. J., and CHATTIN HUMPHREYS and McCANLESS, JJ., concur.