Robert E. JACKSON, Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

March 30, 1976.

Certiorari Denied by Supreme Court Aug. 2, 1976.

John K. Kyle, Asst. Public Defender, Nashville, for plaintiff-in-error.

R. A. Ashley, Jr., Atty. Gen., R. Jackson Rose, Asst. Atty. Gen., Edward M. Yarbrough, Asst. Dist. Atty. Gen., Nashville, for defendant-in-error.

## OPINION

DWYER, Judge.

This appeal flows from convictions for violating T.C.A. 39–2601, kidnapping, with punishment of confinement for not less than nor more than two years, and for violating T.C.A. 39–3802, escape, with punishment of confinement for not less than nor more than one year. The trial court, in overruling the plaintiff-in-error's motion for a new trial ordered that the judgments entered on the verdicts were to run consecutively.

The plaintiff-in-error, referred to hereafter as the defendant, urges that the two offenses charged involve but one intent, one violation and one transaction. He relies upon *Young v. State*, Tenn., 487 S.W.2d 305. He further urges there is no proof that the victim was secretly confined or that he had any intent to secretly confine the victim. He directs his attention to the kidnapping and does not contest the escape conviction to which he pled guilty and the jury assessed punishment.

The evidence, from our review, reveals that the defendant and another inmate were in a "trusty" status at the State Penitentiary. They were assigned to the supply department outside the "walls". On the event date in May 1972, a female employee of the penitentiary, was going to her car in the parking lot of the penitentiary for the purpose of going to lunch. She was accosted by the defendant and his cohort at knifepoint and directed to get into her car and told if she did as they instructed she would not be harmed. The inmates concealed themselves from view in the car and ordered the victim to drive from the vicinity of the penitentiary and was directed to drive them to the vicinity of 28th Avenue in Nashville, where they alighted after admonishing her not to report the abduction-escape. The defendant was later apprehended and returned from San Francisco in 1974.

■ The defendant, testifying in his own behalf, stated that he did not take her car because that would have been a larceny. He acknowledged the escape, use of the knife, admonitions to the victim, but maintained that his only intent was to escape. His reasoning is that the escape and kidnapping constitute a single episode in which the only intent formed was making good their escape, hence only the punishment for escape can stand.

The defendant's reliance on *Young v. State*, supra, is misplaced because it has been limited to facts as delineated in *State v. Scates*, Tenn., 524 S.W.2d 929 (1975).

The defendant's contentions have been ventilated by *Duchac v. State*, Tenn., 505 S.W.2d 237 (1973). Under that authority, we think that both convictions can stand. The abduction of the victim no doubt was done for none other than to make good his escape. Nonetheless, when he abducted the victim with the threat of force and demanded her to transport him away from the prison grounds, there comes into play an additional fact which is not necessary to prove the escape. In other words, the fact that some of the same evidence would be necessary in the proof of each, that fact is not controlling when there is the above additional fact which distinguishes the offenses as separate and distinct. The offenses being separate and distinct and neither a lesser degree of the other, the two convictions may stand.

■ In conclusion, it is true that T.C.A. 39–2601 requires a "secret" confinement. While she was not locked in some remote ramshackle cabin, the confinement to her car, forcibly and against her will known only to her and her captors, we feel, was sufficient to sustain this offense as a matter of law. *Cowan v. State*, 208 Tenn. 512, 347 S.W.2d 37, 39 (1961). The assignment

being overruled, the judgment of the trial court is affirmed.

GERALD L. EWELL, Special Judge, concurs.

O'BRIEN, Judge (dissenting).

This appeal is from convictions on two separate indictments charging escape from the penitentiary and kidnapping, respectively. Defendant was sentenced to one year on the escape charge and two years on the kidnapping charge, with the sentences to run consecutively.

Four assignments of error are made:

(1) There is no evidence to support the verdict of the jury.

(2) The evidence introduced at trial preponderated against guilt and in favor of the innocence of the defendant.

(3) The element of intent to commit the crime of kidnapping in violation of T.C.A. Sec. 39–2601 was not sustained by the proof because both charges arose out of one transaction and involved one intent.

(4) It was error to consolidate the two indictments for trial.

The first two assignments are clearly without merit on the basis of the State's proof, and defendant's own testimony that he and another penitentiary inmate accosted Miss Norma Marie Hand on the grounds of the State Penitentiary at Nashville and required her, at knife point, to drive them from the penitentiary grounds into the city where they got out of the car and left her.

I am of the view that there was no legal inhibition to consolidating the two indictments for trial in this case. Consolidating separate indictments for trial is procedural, and a matter which is within the discretion of the trial court. *Bruce v. State*, 213 Tenn. 666, 378 S.W.2d 758. Our appellate courts have routinely upheld the trial of separate indictments if they both arise out of the same transaction. *Hardin v. State*, 210 Tenn. 116, 355 S.W.2d 105; *Epstein v. State*, 211 Tenn. 633, 366 S.W.2d 914; *Hayes v. State*, 4 Tenn.Cr.App. 360, 470 S.W.2d 950; and have reversed for failure to grant separate trials if the crimes did not arise out of the same or related acts, *Bruce v. State*, supra.

I believe only one conviction can stand for reasons fully set forth in *State v. Black*, 524 S.W.2d 913 (Tenn.1975). Whether the convictions are considered under the "same transaction" rule or the "same evidence" rule, the offenses with which defendant was charged are part and parcel of each other. Under the facts of this case, one could not be accomplished without the other, nor could proof of one be established without evidence of the other.

The accepted rule is that when only one of two judgments is good, the judgment for the greater offense should be allowed to stand. The judgment for kidnapping in which the sentence was fixed at two years should be affirmed. The judgment for escape in which the sentence was one year should be reversed.