**STATE of Tennessee, Appellee,**

v.

**Hartle Cain NUNNERY, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Nov. 3, 1993.

Permission to Appeal Denied by Supreme Court April 4, 1994.

---

**3.** The peremptory challenge slips which ordinarily indicate who excused whom are not included in the record before us.

Guy T. Wilkinson, Camden, for appellant.

Charles W. Burson, Atty. Gen., and Kimbra R. Spann, Asst. Atty. Gen., Nashville, G. Robert Radford, Dist. Atty. Gen., Huntingdon, for appellee.

## OPINION

BIRCH, Judge.

The Criminal Court of Benton County entered judgment upon a jury verdict convicting Hartle Cain Nunnery, the defendant, of operating a motor vehicle while under the influence of an intoxicant (second offense).[1] The trial judge sentenced Nunnery to serve forty-five days of an eleven month twenty-nine day sentence in the county jail. For the remainder, the trial judge placed him on unsupervised probation. Additionally, a $500 fine was assessed.

Nunnery appeals. He insists that the convicting evidence adduced at trial was insufficient as a matter of law to support the verdict. In addition to this evidentiary challenge, Nunnery contends that the trial judge committed reversible error in refusing to grant his motion to dismiss the indictment on double jeopardy grounds.

The judgment is affirmed.

### I

The record establishes that on New Year's Eve, 1991, a pick-up truck operated by Richard C. Amstan was in a turning lane waiting to turn. Before Amstan could turn, a car operated by Nunnery crossed the double yellow line and hit his truck "pretty well head-on."

The collision occurred a short distance in front of a police car. The officer in the car was related to Nunnery, and he would not conduct the investigation. Dan Edwards, a patrolman employed by the Camden Police Department, conducted the on-scene investigation. He testified that Nunnery was drunk. Additionally, Amstan described Nunnery as "staggering,—he wasn't just drunk, he was staggering drunk and holding on to the vehicle." Doris Lewis, a passenger in Amstan's truck, testified that Nunnery was "staggering" drunk.

### II

On appeal, in determining the sufficiency of the evidence, the standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d

1. T.C.A. § 55–10–401.

560 (1979). This standard presumes that the jury has resolved any conflicts in the testimony, determined the credibility of the witnesses, and made all legitimate and reasonable inferences from the evidence in favor of the state. *See State v. Cabbage,* 571 S.W.2d 832 (Tenn.1978). We do not reweigh the evidence, but only determine its sufficiency as a matter of law under this standard.

■ A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle,* 639 S.W.2d 913 (Tenn.1982).

■ It is not the function of this court to reweigh evidence adduced at a criminal trial. A guilty verdict, approved by the trial judge, accredits the testimony of the state's witnesses and resolves all conflicts in testimony in favor of the theory of the state. *State v. Hatchett,* 560 S.W.2d 627 (Tenn.1978).

■ The record abounds with clear, cogent evidence that the defendant was under the influence of an intoxicant when arrested. The evidence meets the requirements of Tenn.R.App.P. 13(e) and *Jackson v. Virginia.*

### III

■ Prior to trial, the defendant filed a motion to dismiss the charge, contending that this prosecution violated the constitutional prohibition against double jeopardy.

The trial court conducted a jury-out hearing on the motion. The proof there adduced established that on December 31, 1991, Nunnery was charged with violation of City of Camden ordinance number 10–228 prohibiting public drunkenness.[2] On January 6, 1992, Nunnery forfeited a $90 cash bond to the City of Camden on this charge.

The case at bar originated on June 1, 1992, when the grand jury for Benton County returned an indictment charging Nunnery with operating a motor vehicle on December 31, 1991, while under the influence of an intoxicant. Without question, Nunnery's encounter with Amstan on New Year's Eve furnished the factual predicate for both the public drunkenness charge and the indictment for driving while under the influence.

It is the defendant's theory that having forfeited his cash bond to the City of Camden on the charge of public drunkenness, double jeopardy provisions bar his prosecution for operating a motor vehicle while under the influence of an intoxicant. To support this theory, the defendant relies on *Dowdy v. State,* 158 Tenn. 364, 13 S.W.2d 794 (1929), in which the Supreme Court held that a conviction for public drunkenness bars a subsequent conviction for driving while intoxicated when the two offenses arise from the same set of events.[3]

More recently, however, in *State v. Black,* 524 S.W.2d 913, 920 (Tenn.1975), Tennessee's Supreme Court adopted the *Blockburger*[4] test as the proper test[5] for determining whether one conviction bars a second on

**2.** "It shall be unlawful for any person to be drunk in a public place or any other place open to public view."

**3.** In *Dowdy,* the Supreme Court enunciated four general principles that determine whether double jeopardy bars a subsequent conviction: "(1) Where two or more offenses of the same nature are by statute carved out of the same transaction, and are properly the subject of a single investigation, an acquittal or conviction for one of the several offenses bars subsequent prosecution for the others.... (4) But when the same facts constitute two or more offenses, wherein the lesser offense is not necessarily involved in the greater, and when the facts necessary to convict on a second prosecution would not necessarily have convicted on the first, then the first prosecution will not be a bar to the second, although

the offenses were both committed at the same time and by the same act." *Dowdy* 13 S.W.2d at 794. Therein, the Supreme Court recognized that in "applying the fourth proposition, ... since to sustain the charge of driving an automobile while drunk, it is necessary to establish the additional fact of driving on the highway, conviction for one of these offenses will not bar prosecution for the other." *Id.* at 795. However, the *Dowdy* court viewed such a holding as "extreme" and chose instead to base its decision on the first proposition.

**4.** *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

**5.** In its opinion, the Supreme Court considered both the first and fourth double jeopardy tests stated in *Dowdy.*

double jeopardy grounds. This test provides that two offenses are not the same for double jeopardy purposes when each requires proof of a fact that the other does not.[6] The *Black* court emphasized that each such determination should be based on a close analysis of the offenses involved, the applicable statutory definitions, the legislative intent, and the particular facts and circumstances. *Black,* 524 S.W.2d at 914.

To establish that an accused is guilty of operating a motor vehicle while under the influence of an intoxicant, the state must prove, obviously, that the accused was operating a motor vehicle. Such proof is not required to establish the offense of public drunkenness. Similarly, to convict for public drunkenness, the state must prove that the accused was drunk—by definition a condition different from "under the influence." Thus, we find that each offense requires proof of a fact not required to prove the other. Therefore, under the *Blockburger* standard, double jeopardy principles will not bar Nunnery's conviction for operating a motor vehicle while under the influence of an intoxicant.

The defendant has not borne his burden of demonstrating that the evidence preponderates against the judgment. For that reason, the trial court's order overruling the defendant's motion is correct, and the judgment is in all things affirmed.

WADE, J., and WILLIAM H. INMAN, Special Judge, concur.

---

6. The *Blockburger* test is equivalent to the fourth proposition enunciated in *Dowdy*—which the Supreme Court rejected in 1924 as extreme.